# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAO LIGHTING, INC., <br><br>         Plaintiff, <br><br> v. <br><br> GENERAL ELECTRIC COMPANY, CONSUMER LIGHTING (U.S.), LLC d/b/a GE LIGHTING, and CURRENT LIGHTING SOLUTIONS, LLC, <br><br>         Defendants. | C.A. No. 1:20-681-MN |
| CAO LIGHTING, INC., <br><br>         Plaintiff, <br><br> v. <br><br> OSRAM SYLVANIA, INC. and LEDVANCE LLC, <br><br>         Defendants. | C.A. No. 1:20-690-MN |

## THIRD AMENDED JOINT CLAIM CONSTRUCTION CHART

Pursuant to the Court's Order dated February 28, 2021 (D.I. 202 in C.A. No. 20-681-MN and D.I. 216 in C.A. 20-690-MN), Plaintiff CAO Lighting, Inc. ("Plaintiff") and Defendants General Electric Company Consumer Lighting (U.S.) d/b/a GE Lighting, Current Lighting Solutions, LLC, OSRAM Sylvania, Inc. and LEDVANCE LLC (collectively "Defendants") hereby respectfully submit this Third Amended Joint Claim Construction Chart, which sets forth the parties' proposed claim constructions and supporting intrinsic evidence. The claim terms come from U.S. Patent No. 6,465,961 (the '961 patent).

The parties have made a good faith effort to include herein all known support in the intrinsic record for their respective constructions, but reserve the right to supplement the attached Joint Claim Construction Chart with additional evidence and to rely upon additional evidence in their claim construction briefs.

The parties' proposed constructions and identification of intrinsic evidence are preliminary, including without limitation because discovery is ongoing. The parties base this disclosure on information currently known by and available to them. The parties reserve the right to amend, modify, and/or supplement their proposed constructions and identification of intrinsic evidence to take into account additional information that comes to light, including without limitation as additional contentions are made, facts are ascertained, analyses are made, and proposed constructions are provided. Further, the parties reserve the right to rely on the intrinsic evidence identified by opposing parties to support their constructions. Finally, the parties reserve the right to rely on the full content of the documents cited in the Joint Claim Construction Chart.

The parties have agreed to the following constructions:

| Claim Term | Agreed Proposed Construction |
|---|---|
| "a contact layer on which an electron may be mounted for powering said chip" | The term "electron" should be corrected to "electrode". |
| "said support is substantially positioned outside said interior volume" | The majority of the support is located outside of the interior volume. |

| No. | Claim Term | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence | Defendants' Proposed Construction | Defendants' Intrinsic Evidence |
|---|---|---|---|---|---|
| 1 | "an enclosure … being fabricated from a material substantially transparent to white light" ('961 Patent, claim 1 and all claims depending therefrom) | Plain and ordinary meaning. No construction necessary.<br><br>In accordance with the Court's September 24 oral order[1], Plaintiff states that the plain and ordinary meaning is: *The enclosure is fabricated from a material that is substantially transparent to white light.* | **'961 Patent:** Figs: 1, 1 (amended), 2, 6, 10; Col. 2:51-3:67; 8:38-55; Claims 21, 25, 28-31, 33, 41, 48, 49, 50, 52, 57, 58, 65, 67, 68, 69, 71, 82, 87-89.<br>**File History:**<br>CAO_DE_000065-191, *see e.g.,* CAO_DE_000078-83, 113-147, 149-155<br>***Inter Partes* Reexamination, Control No. 95/000,680:**<br>• Requestor GE Lighting's (corrected) request for *Inter Partes* reexamination, dated September 13, 2012 (CAO_DE_00432- | The entirety of the enclosure is fabricated from a material that is substantially transparent to white light | '961 patent, Claim 1<br>'961 patent, Fig. 1<br>'961 patent, 2:49-58<br>'961 patent, 8:38-55<br><br>95/002,324, 1/2/14 Office Action, 3/3/14 Amendment A and Response to Non-Final Office Action |

---

[1] The September 24 Order (D.I. 93 in 20-cv-681-MN; D.I. 126 in 20-cv-690-MN) states: "for any term where a party's proposed construction is plain and ordinary meaning, the party must specify what that meaning is."

|  |  |  | 576; *see, e.g.,* CAO_DE_00445-447, 451-453, 466-463, 482-83, 523-524) |  |  |
|  |  |  | • Office Action dated December 7, 2012 (CAO_DE_00621-662) |  |  |
|  |  |  | • Office Action, Non-Final Action, dated January 2, 2014 (CAO_DE_00755-846; *see e.g.,* CAO_DE_770-771) |  |  |
|  |  |  | *See also:* |  |  |
|  |  |  | • Requester GE Lighting's Comments after Non-Final Action, dated May 23, 2014 (CAO_DE_01237-1285) |  |  |
|  |  |  | • Requester OSRAM Sylvania, Inc.'s Comments after Non-Final Action, dated June 3, 2014 (CAO_DE_01318-1388) |  |  |

| | | | • Office Action, Action Closing Prosecution, dated May 13, 2015 (CAO_DE_01481-1521)

• Office Action, Right of Appeal Notice, dated July 13, 2015 (CAO_DE_01603-1653)

**Inter Partes Reexamination Control No. 95/02,324**

• Requester OSRAM Sylvania, Inc.'s Request for *Inter Partes* Reexamination, dated September 14, 2012 (CAO_DE_02444-2779) | | |
|---|---|---|---|---|---|
| 2 | "an interior volume within said enclosure"

('961 Patent, claim 1 and all | Plain and ordinary meaning. No construction necessary.

In accordance with the Court's September 24 Order, | **'961 Patent:** Figs. 1, 1 (amended) 2, 6, 10; Col. 2:51-67; 3:9-37; 8:38-55; Claims 21, 25, 28-31, 33, 41, 48-50, 52, 57, 58, 65, 67, 68, 69, 71, 82, 87-89. | The interior volume is contained inside the enclosure that is fabricated entirely from a material substantially | '961 patent, 3:09–37,

'961 patent, Figs 1,2 and 10;

'961 patent, Claims 1,7, 8, 21, 28, 29, 52 |

| claims depending therefrom) | Plaintiff states that the plain and ordinary meaning is: *An interior volume is within the enclosure but does not need to be entirely within the enclosure.* | **File History:** CAO_DE_000065-191, *see e.g.,* CAO_DE_000078-83, 113-147, 149-155 **Inter Partes Reexamination, Control No. 95/000,680:** • Requestor GE Lighting's (corrected) request for *Inter Partes* reexamination, dated September 13, 2012 (CAO_DE_00432-576; *see, e.g.,* CAO_DE_00445-447, 451-453, 466-463, 482-83, 523-524) • Office Action dated December 7, 2012 (CAO_DE_00621-662) • Office Action, Non-Final Action, dated January 2, 2014 (CAO_DE_00755- | transparent to white light. | |

| | | | 846; *see e.g.,* CAO_DE_770-771) | | |
|---|---|---|---|---|---|
| | | | *See also:* | | |
| | | | • Requester GE Lighting's Comments after Non-Final Action, dated May 23, 2014 (CAO_DE_01237-1285) | | |
| | | | • Requester OSRAM Sylvania, Inc.'s Comments after Non-Final Action, dated June 3, 2014 (CAO_DE_01318-1388) | | |
| | | | • Office Action, Action Closing Prosecution, dated May 13, 2015 (CAO_DE_01481-1521) | | |
| | | | • Office Action, Right of Appeal Notice, dated July 13, 2015 (CAO_DE_01603-1653) | | |

| | | | *Inter Partes* **Reexamination Control No. 95/02,324**<br><br>• Requester OSRAM Sylvania, Inc.'s Request for *Inter Partes* Reexamination, dated September 14, 2012 (CAO_DE_02444-2779) | | |
|---|---|---|---|---|---|
| 3 | "a heat sink located in said interior volume"<br><br>('961 Patent, claim 1 and all claims depending therefrom) | Plain and ordinary meaning. No construction necessary.<br><br>In accordance with the Court's September 24 Order, Plaintiff states that the plain and ordinary meaning is: *a heat sink is a substance or device that absorbs or draws heat from another object and is in the interior volume of the enclosure, but it does not need to be* | **'961 Patent:** Figs. 1, 1(amended), 2, 6, 10; Abstract; Col. 3:15-4:3; 7:15-8:37; 9:1-33; Claims 21, 23-27, 29, 34, 42, 43, 45, 46, 50, 52, 60, 61, 63, 64, 65, 67, 77-80, 83, 89, 100, 101<br><br>**File History:**<br>CAO_DE_000065-191, *see e.g.,* CAO_DE_000078-83, 113-147, 149-155<br><br>*Inter Partes* **Reexamination, Control No. 95/000,680:** | A heat sink that is contained inside the interior volume of the enclosure | '961 patent, 3:09–37,<br><br>'961 patent, Figs 1, 2 and 10;<br><br>'961 patent, Claims 1, 7, 8, 21, 28, 29, 52 |

| | | *entirely within the interior volume.* | <ul><li>Requestor GE Lighting's (corrected) request for *Inter Partes* reexamination, dated September 13, 2012 (CAO_DE_00432-576; *see, e.g.,* CAO_DE_00445-447, 451-453, 466-463, 482-83, 523-524)</li><li>Office Action dated December 7, 2012 (CAO_DE_00621-662; *see e.g.,* CAO_DE_648-649)</li><li>Office Action, Non-Final Action, dated January 2, 2014 (CAO_DE_00755-846; *see e.g.,* CAO_DE_770-771)</li><li>Patent Board Decision, dated Dec. 1, 2016 (CAO_DE_1789-1810)</li></ul>*See also:* | | |

| | | | | | |
|---|---|---|---|---|---|
| | | | • Requester GE Lighting's Comments after Non-Final Action, dated May 23, 2014 (CAO_DE_01237-1285)<br><br>• Requester OSRAM Sylvania, Inc.'s Comments after Non-Final Action, dated June 3, 2014 (CAO_DE_01318-1388)<br><br>• Office Action, Action Closing Prosecution, dated May 13, 2015 (CAO_DE_01481-1521)<br><br>• Office Action, Right of Appeal Notice, dated July 13, 2015 (CAO_DE_01603-1653)<br><br>***Inter Partes* Reexamination Control No. 95/02,324**<br><br>• Requester OSRAM Sylvania, Inc.'s | | |

| | | | Request for *Inter Partes* Reexamination, dated September 14, 2012 (CAO_DE_02444-2779) | | |
|---|---|---|---|---|---|
| 4 | "said panels on said heat sink being oriented to facilitate emission of light from the semiconductor light source in desired directions around the semiconductor source light source"<br><br>('961 Patent, claim 1 and all claims depending therefrom) | Not indefinite. Plain and ordinary meaning. No construction necessary.<br><br>In accordance with the Court's September 24 Order, Plaintiff states that the plain and ordinary meaning is: *The panels on the heat sink are oriented to facilitate the emission of light in any desired (intended or predetermined) direction including the same direction.* | **'961 Patent:** Figs. 1, 1(amended), 2, 6, 7, 8, 9, 10; Col. 1:7-12; 1:46-49; 1:56-58; 2:48-58; 2:65-3:9; 3:24-46; 4:13-26; 8:38-55; 9:52-53; Claims 10, 17, 20, 21, 25, 26, 27, 63, 64, 77, 100, 101<br><br>**File History:**<br><br>CAO_DE_000065-191, *see e.g.,* CAO_DE_000078-83, 113-147, 149-155<br><br>***Inter Partes* Reexamination Control No. 95/000,680**<br><br>• Requestor GE Lighting's (corrected) request for *Inter Partes* reexamination, dated September | Indefinite as to "desired directions"; or<br><br>Each of the panels on the heat sink is oriented angularly with respect to each other in more than one direction in order to cause light from the LEDs to be dispersed around the semiconductor source light source | '961 patent, Abstract<br><br>'961 patent, Figs. 1, 1 (amended), 2 and 6.<br><br>'961 patent, 3:31-36<br><br>'961 patent, 3:37-42<br><br>'961 patent, 4:13-26<br><br>'961 patent, 4:21-24<br><br>90/012,957 Reexamination Amendment A and Response to Non-Final Office Action (Mar. 24, 2014) |

| | | | 13, 2012 (CAO_DE_00432-576; *see, e.g.,* CAO_DE_00446-485, 524) | | |
|---|---|---|---|---|---|
| | | | • Office Action, Non-Final Action, dated January 2, 2014 (CAO_DE_00755-846; *see e.g.,* CAO_DE_00782-788, 812-814) | | |
| | | | ***Ex Parte Reexamination Control No. 90/012,597*** | | |
| | | | • Requester OSRAM Sylvania, Inc.'s Request for *Ex Parte* Reexamination, dated August 26, 2013 (CAO_DE_04695-4770; *see, e.g.,* 4715, 4733-4734, 4754-4755) | | |
| 5 | "LED modules" | In accordance with the Court's September 24 Order, Plaintiff states that | **'961 Patent:** Figs. 1, 1 (amended), 2, 7a, 7b, 8a, 8b, 9, 10; Abstract; Col. 1:12-53; 2:1:3; 34- | Operable self-contained device that includes at least one LED | '961 Patent, Abstract; 1:13-39; 1:65-67; 2;1-3; 2;41; 3:38-46; 4:4-25; 6:12-21; |

| ('961 Patent, claim 1 and all claims depending therefrom) | the plain and ordinary meaning is:<br><br>*A package containing at least one LED chip or LED array.* | 43; 65-3:8; 3:37-52; 4:4-5:23; 6:12-30; 7:40-9:37; Claims 17-19, 21-25, 32, 36-40; 42-46, 50, 58-62, 66, 71, 73-80, 83, 85, 90, 91, 97, 100, 101, 103<br><br>***Inter Partes* Reexamination Control No. 95/000,680**<br><br>• Requestor GE Lighting's (corrected) request for *Inter Partes* reexamination, dated September 13, 2012 (CAO_DE_00432-576; *see, e.g.,* CAO_DE_00448-451)<br>• Requester GE Lighting's Third Party Comments After Patent Owner Response, dated March 3, 2014 (CAO_DE_001106-1132; *see e.g.,* 1108-1111) | | 7:15-21; 8:15-20; FIGs. 1, 2, 4a, 6, 9; claims 1-101;<br><br>Claims 1-20 as filed 8/24/01 App. No. 09/939,340; 7/30/02 Notice of Allowability in App. No. 09/939,340;<br><br>8/6/12 Request for Ex Parte Reexamination in Reex. 95/000,680; 12/7/12 Determination – Reexamination Ordered in Reex. 95/000,680; 1/7/13 Petition for Reexamination Denial in Reex. 95/000,680; 6/27/13 Reexamination Petition Granted in Part in Reex. 95/000,680; 12/23/13 Decision Merging Proceedings in Reex. 95/000,680; 1/2/14 Non-Final Action in Reex. 95/000,680; 1/22/14 Petion Granted in Reex. 95/000,680; 1/23/14 Patent Owner's Petition Not To Merge Reexaminations in Reex. 95/000,680 and in Reex. 95/002,324; 3/3/14 Response After Non-Final Rejection in |

| | | | | | |
|---|---|---|---|---|---|
| | | | <ul><li>Office Action, Right of Appeal Notice, dated October 28, 2015 (CAO_DE_001603-1653</li></ul>***Inter Partes Reexamination Control No. 95/002,324***<ul><li>Requester OSRAM Sylvania Inc.'s Request for Inter Partes Reexamination, dated Sept. 14, 2012 (CAO_DE_02444-2669; *see e.g.,* CAO_DE_02516, 2522-24, 2536-37)</li></ul> | | Reex. 95/000,680 and in Reex. 95/002,324; 3/28/14 Third Party Requester Comments After Non -Final Rejection in Reex. 95/000,680 and in Reex. 95/002,324; 3/31/14 Opposition To Petition to Merge in Reex. 95/000,680 and in Reex. 95/002,324; 5/23/14 Third Party Requester Comments After Non-Final Rejection in Reex. 95/000,680 and in Reex. 95/002,324; 6/3/14 Third Party Requester Comments After Non-Final Rejection in Reex. 95/000,680 and in Reex. 95/002,324; 11/21/14 Dismissal of Petition in Reex. 95/000,680 and in Reex. 95/002,324; 5/13/15 Action Closing Prosecution in Reex. 95/000,680 and in Reex. 95/002,324; 7/13/15 Patent Owner Comments After Closing Prosecution in Reex. 95/000,680 and in Reex. 95/002,324; 11/25/15 Notice of Appeal in Reex. 95/000,680 and in Reex. 95/002,324; 1/25/16 Appeal Brief in Reex. 95/000,680 |

| | | | | | and in Reex. 95/002,324; 2/24/16 Respondent Brief in Reex. 95/000,680 and in Reex. 95/002,324; 5/9/14 Examiner's Answer Brief in Reex. 95/000,680 and in Reex. 95/002,324; 6/9/16 Rebuttal Brief in Reex. 95/000,680 and in Reex. 95/002,324; 12/1/16 Patent Board Decision in Reex. 95/000,680 and in Reex. 95/002,324; 9/14/12 Request for Reexamination in Reex. 95/002,324; 12/7/12 Determination – Reexamination Ordered in Reex. 95/002,324; 1/11/13 Petition for Review of Reexamination Denial in Reex. 95/002,324; 6/25/13 Reexam Petition Dismissed in Reex. 95/002,324; 12/23/13 Decision Merging Proceedings in Reex. 95/002,324; 1/2/14 Non-Final Action in Reex. 95/002,324;<br><br>8/26/13 Request for Ex Parte Reexamination in Reex. No. 90/012,957; 11/18/13 Determination – Reexamination Ordered in |
|---|---|---|---|---|---|

| | | | | | Reex. No. 90/012,957; 1/23/14 Non-Final Action in Reex. No. 90/012,957; |
|---|---|---|---|---|---|
| | | | | | 2/26/14 Examiner Interview Summary and Office Action (with supporting documents) in Reex. No. 90/012,957; 3/24/14 Applicant Summary of Examiner Interview, and Amendment A in Response to Non-Final Action in Reex. No. 90/012,957; 6/18/14 Final Rejection in in Reex. No. 90/012,957; 6/19/14 Response to Final Rejection (and amendment to claims) in Reex. No. 90/012,957; 7/8/14 Amendment After Final in Reex. No. 90/012,957; 7/10/14 Amendment B and Response to Final Office Action in Reex. No. 90/012,957; 7/23/14 Notice to Issue Reexamination Certificate and Amendment to Claims in Reex. No. 90/012,957 |
| 6 | "a first and a second reflective layers … serving to reflect light | The first and second reflective layers are distinct layers from each other and | **'961 Patent:** Figs. 3a-3h, 4a-4d, 5a-5b; Col. | Distinct layers of material that are intended to reflect more light emitted by | '961 Patent, 2:12-13; 2:16-17; 5:30-50; 6:1-10; 6:63-7:1; 7:41-52; 8:15-31; 9:8- |

| | | | | |
|---|---|---|---|---|
| emitted by said active layer"

('961 Patent, claim 8 and all claims depending therefrom) | reflect light emitted by the active layer. | 4:25-7:14; 7:41-47; 9:10-14; Claim 21.

***Inter Partes Reexamination Control No. 95/000,680***

- Requestor GE Lighting's (corrected) request for *Inter Partes* reexamination, dated September 13, 2012 (CAO_DE_00432-576; *see, e.g.,* CAO_DE_00467-482, 536-543, 562-573)

- Office Action, Non-Final Action, dated January 2, 2014 (CAO_DE_00755-846; *see e.g.,* CAO_DE_00782-788, 812-814)

***Inter Partes Reexamination Control No. 95/002,324***

- Requester OSRAM Sylvania Inc.'s | said active layer than is absorbed by and transmitted through the layers of material | 17; FIGs. 3f; 3h; 7a , 9; claims 1-101;

Claims 1-20 as filed 8/24/01 App. No. 09/939,340; 7/30/02 Notice of Allowability in No. 09/939,340;

8/6/12 Request for Ex Parte Reexamination in Reex. 95/000,680; 12/7/12 Determination – Reexamination Ordered in Reex. 95/000,680; 1/7/13 Petition for Reexamination Denial in Reex. 95/000,680; 6/27/13 Reexamination Petition Granted in Part in Reex. 95/000,680; 12/23/13 Decision Merging Proceedings in Reex. 95/000,680; 1/2/14 Non-Final Action in Reex. 95/000,680; 1/22/14 Petion Granted in Reex. 95/000,680; 1/23/14 Patent Owner's Petition Not To Merge Reexaminations in Reex. 95/000,680 and in Reex. 95/002,324; ; 3/3/14 Response After Non-Final |

| | | | Request for Inter Partes Reexamination, dated Sept. 14, 2012 (CAO_DE_02444-2669; *see e.g.,* CAO_DE_2569-2570, 2574-2579, 2586-2589, 2593-2596, 2639-2642, 2645, 2646-2648)<br><br>***Ex Parte Reexamination Control No. 90/012,597***<br><br>• Requester OSRAM Sylvania, Inc.'s Request for *Ex Parte* Reexamination, dated August 26, 2013 (CAO_DE_04695-4770; *see e.g.,* 4722-4727, 4741-4748, 4763-4767<br>• Office Action, dated November 8, 2013 (CAO_DE_04809-4825) | | Rejection in Reex. 95/000,680 and in Reex. 95/002,324; 3/28/14 Third Party Requester Comments After Non-Final Rejection in Reex. 95/000,680 and in Reex. 95/002,324; 3/31/14 Opposition To Petition to Merge in Reex. 95/000,680 and in Reex. 95/002,324; 5/23/14 Third Party Requester Comments After Non-Final Rejection in Reex. 95/000,680 and in Reex. 95/002,324; 6/3/14 Third Party Requester Comments After Non-Final Rejection in Reex. 95/000,680 and in Reex. 95/002,324; 11/21/14 Dismissal of Petition in Reex. 95/000,680 and in Reex. 95/002,324; 5/13/15 Action Closing Prosecution in Reex. 95/000,680 and in Reex. 95/002,324; 7/13/15 Patent Owner Comments After Closing Prosecution in Reex. 95/000,680 and in Reex. 95/002,324; 11/25/15 Notice of Appeal in Reex. 95/000,680 and in Reex. 95/002,324; 1/25/16 Appeal Brief in Reex. 95/000,680 |

| | | | | | |
|---|---|---|---|---|---|
| | | | • Office Action, Non-Final Action, dated January 23, 2014 (CAO_DE_04834-4870; *see e.g.,* CAO_DE_04848-4867)<br>• Office Action, Notice of Intent to Issue *Ex Parte* Reexamination Certificate, dated July 23, 2014 (CAO_DE_08370-8375)<br>• *Ex Parte* Reexamination Certificate, dated September 2, 2014 (CAO_DE_08383-8388) | | and in Reex. 95/002,324; 2/24/16 Respondent Brief in Reex. 95/000,680 and in Reex. 95/002,324; 5/9/14 Examiner's Answer Brief in Reex. 95/000,680 and in Reex. 95/002,324; 6/9/16 Rebuttal Brief in Reex. 95/000,680 and in Reex. 95/002,324; 12/1/16 Patent Board Decision in Reex. 95/000,680 and in Reex. 95/002,324;<br><br>9/14/12 Request for Reexamination in Reex. 95/002,324; 12/7/12 Determination – Reexamination Ordered in Reex. 95/002,324; 1/11/13 Petition for Review of Reexamination Denial in Reex. 95/002,324; 6/25/13 Reexam Petition Dismissed in Reex. 95/002,324; 12/23/13 Decision Merging Proceedings in Reex. 95/002,324; 1/2/14 Non-Final Action in Reex. 95/002,324; |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | 8/26/13 Request for Ex Parte Reexamination in Reex. No. 90/012,957; 11/18/13 Determination – Reexamination Ordered in Reex. No. 90/012,957; 1/23/14 Non-Final Action in Reex. No. 90/012,957; |
| | | | | | 2/26/14 Examiner Interview Summary and Office Action (with supporting documents) in Reex. No. 90/012,957; 3/24/14 |
| | | | | | Applicant Summary of Examiner Interview, and Amendment A in Response to Non-Final Action in Reex. No. 90/012,957; 6/18/14 Final Rejection in in Reex. No. 90/012,957; 6/19/14 Response to Final Rejection (and amendment to claims) in Reex. No. 90/012,957; 7/8/14 Amendment After Final in Reex. No. 90/012,957; 7/10/14 Amendment B and Response to Final Office Action in Reex. No. 90/012,957; 7/23/14 Notice to Issue Reexamination Certificate and Amendment |

| | | | | to Claims in Reex. No. 90/012,957 |
|---|---|---|---|---|
| 7 | "a light emitting diode (LED) chip configured to output light at greater than about 40 milliwatts"<br><br>('961 Patent, claim 21 and all claims depending therefrom) | Plain and ordinary meaning. No construction necessary.<br><br>In accordance with the Court's September 24 Order, Plaintiff states that the plain and ordinary meaning is: *at least one LED chip is capable of emitting light greater than about 40 milliwatts.* | **'961 Patent:** Figs. 1, 1(amended), 2, 3a-3c, 4a-4b, 7a, 7b, 8a, 9; Col. 1:55-62; 2:48-58; 3:38-46; 4:4-15; 7:40-8:38; Claim 21.<br><br>*See also references cited for "LED Modules" above.* | An LED that alone is capable of emitting light having power greater than about 40 mW | '961 Patent, Abstract; 1:13-39; 1:65-67; 2;1-3; 2;41; 3:38-46; 4:4-25; 4:29-30; 5:24-25; 5:54-56; 6:12-23; 6:30-31; 6:44-45; 7:15-21; 7:41-44; 7:56; 8:15-20; FIGs. 1, 2, 3a-3h, 4a-4d, 5a-5b, 6 7a-7b, 8a-8b, 9; claims 1-101;<br><br>Claims 1-20 as filed 8/24/01 App. No. 09/939,340; 7/30/02 Notice of Allowability in App. No. 09/939,340;<br><br>8/6/12 Request for Ex Parte Reexamination in Reex. 95/000,680; 12/7/12 Determination – Reexamination Ordered in Reex. 95/000,680; 1/7/13 Petition for Reexamination Denial in Reex. 95/000,680; 6/27/13 Reexamination Petition Granted in Part in Reex. 95/000,680; 12/23/13 |

| | | | | | | Decision Merging Proceedings in Reex. 95/000,680; 1/2/14 Non-Final Action in Reex. 95/000,680; 1/22/14 Petion Granted in Reex. 95/000,680; 1/23/14 Patent Owner's Petition Not To Merge Reexaminations in Reex. 95/000,680 and in Reex. 95/002,324; ; 3/3/14 Response After Non-Final Rejection in Reex. 95/000,680 and in Reex. 95/002,324; 3/28/14 Third Party Requester Comments After Non -Final Rejection in Reex. 95/000,680 and in Reex. 95/002,324; 3/31/14 Opposition To Petition to Merge in Reex. 95/000,680 and in Reex. 95/002,324; 5/23/14 Third Party Requester Comments After Non-Final Rejection in Reex. 95/000,680 and in Reex. 95/002,324; 6/3/14 Third Party Requester Comments After Non-Final Rejection in Reex. 95/000,680 and in Reex. 95/002,324; 11/21/14 Dismissal of Petition in Reex. 95/000,680 and in |
|---|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Reex. 95/002,324; 5/13/15 Action Closing Prosecution in Reex. 95/000,680 and in Reex. 95/002,324; 7/13/15 Patent Owner Comments After Closing Prosecution in Reex. 95/000,680 and in Reex. 95/002,324; 11/25/15 Notice of Appeal in Reex. 95/000,680 and in Reex. 95/002,324; 1/25/16 Appeal Brief in Reex. 95/000,680 and in Reex. 95/002,324; 2/24/16 Respondent Brief in Reex. 95/000,680 and in Reex. 95/002,324; 5/9/14 Examiner's Answer Brief in Reex. 95/000,680 and in Reex. 95/002,324; 6/9/16 Rebuttal Brief in Reex. 95/000,680 and in Reex. 95/002,324; 12/1/16 Patent Board Decision in Reex. 95/000,680 and in Reex. 95/002,324;<br><br>9/14/12 Request for Reexamination in Reex. 95/002,324; 12/7/12 Determination – Reexamination Ordered in Reex. 95/002,324; 1/11/13 |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Petition for Review of Reexamination Denial in Reex. 95/002,324; 6/25/13 Reexam Petition Dismissed in Reex. 95/002,324; 12/23/13 Decision Merging Proceedings in Reex. 95/002,324; 1/2/14 Non-Final Action in Reex. 95/002,324;<br><br>8/26/13 Request for Ex Parte Reexamination in Reex. No. 90/012,957; 11/18/13 Determination – Reexamination Ordered in Reex. No. 90/012,957; 1/23/14 Non-Final Action in Reex. No. 90/012,957;<br><br>2/26/14 Examiner Interview Summary and Office Action (with supporting documents) in Reex. No. 90/012,957; 3/24/14<br><br>Applicant Summary of Examiner Interview, and Amendment A in Response to Non-Final Action in Reex. No. 90/012,957; 6/18/14 Final Rejection in in Reex. No. 90/012,957; 6/19/14 Response to Final Rejection |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | (and amendment to claims) in Reex. No. 90/012,957; 7/8/14 Amendment After Final in Reex. No. 90/012,957; 7/10/14 Amendment B and Response to Final Office Action in Reex. No. 90/012,957; 7/23/14 Notice to Issue Reexamination Certificate and Amendment to Claims in Reex. No. 90/012,957 |
| 8 | The parties agree that construction of term 8 is no longer necessary because Plaintiff no longer asserts that any accused products infringe claims 32-34 in the '961 patent. | | | | |

| 9 | "a primary heat sink" <br><br> ('961 Patent, claim~~s~~ 42 ~~and 77~~) | Not indefinite. Plain and ordinary meaning. No construction necessary. <br><br> In accordance with the Court's September 24 Order, Plaintiff states that the plain and ordinary meaning is: *a first heat sink (a first substance or device that absorbs or draws heat from another object).* | **'961 Patent:** Figs. 1, 2, 6, 7, 8, 9, 10; '961 patent: Abstract; Col. 3:22-38; 3:53-57; 3:65-4:3; 4:8-25; 7:15-8:37; 9:1-7; 9:30-33; Claims 10-14, 42, 45, 77 <br><br> ***Inter Partes Reexamination Control No. 95/000,680*** <br><br> • Requestor GE Lighting's (corrected) request for *Inter Partes* reexamination, dated September 13, 2012 (CAO_DE_00432-576; *see, e.g.,* CAO_DE_00451-452, 492-493) <br><br> • Office Action, Non-Final Action, dated January 2, 2014 (CAO_DE_00755-846; *see e.g.,* CAO_DE_00778) <br><br> ***Inter Partes Reexamination*** | Indefinite; or <br><br> A heat sink which is in turn mounted to a secondary heat sink having a plurality of panels | '961 patent, Abstract |

| | | | | | |
|---|---|---|---|---|---|
| | | | **Control No. 95/002,324**<br><br>• Requester OSRAM Sylvania Inc.'s Request for Inter Partes Reexamination, dated Sept. 14, 2012 (CAO_DE_02444-2669; *see e.g.,* CAO_DE_2503-2504, 2518-2521, 2544-2547, 2562-2567, 2616-2619)<br><br>***Ex Parte* Reexamination Control No. 90/012,597**<br><br>• Office Action, Notice of Intent to Issue *Ex Parte* Reexamination Certificate, dated July 23, 2014 (CAO_DE_08370-8375)<br>• *Ex Parte* Reexamination Certificate, dated September 2, 2014 | | |

| | | | (CAO_DE_08383-8388)<br><br>*See also references identified for term "a heat sink located in said interior volume" above.* | | |
|---|---|---|---|---|---|
| 10 | "Plurality of panels on [the heat sink] suitable for mounting semiconductor devices thereon"<br><br>('961 Patent, claim 2142 and allclaims depending therefrom) | Plain and ordinary meaning. No construction necessary.<br><br>In accordance with the Court's February 28 Order, Plaintiff states that the plain and ordinary meaning is: *two or more panels on the heat sink, with each panel being suitable for mounting semiconductor devices thereon.* | **'961 Patent:** Figs. 1, 7a, 7b, 8a, 8b, and 9a; '961 patent: Abstract; Col. 7:41-44; 8:3-6 | Two or more panels on the heat sink, with each panel being suitable for having a semiconductor device mounted directly to its surface. | **'961 Patent:** Figs. 7a, 7b, 8a, 8b, and 9a; 4:8-11; 7:14-18, 19-21, 41-44, 46-49; 8:3-6 |

BARNES & THORNBURG LLP

/s/ Chad S.C. Stover
Chad S.C. Stover (#4919)
1000 N. West Street
Suite 1500
Wilmington, DE 19801-1054
(302) 300-3474
Chad.stover@btlaw.com

OF COUNSEL:

Todd G. Vare (admitted *pro hac vice*)
Paul B. Hunt (admitted *pro hac vice*)
Barnes & Thornburg LLP
11 S. Meridian Street
Indianapolis, IN 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
Email: tvare@btlaw.com
Email: phunt@btlaw.com

*Attorneys for CAO Lighting, Inc.*

MCCARTER & ENGLISH LLP

/s/ Daniel M. Silver
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com
ajoyce@mccarter.com

OF COUNSEL:

Arthur P. Licygiewicz
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX 75201
Tel: 214.855.8256
Fax: 214.855.8200
art.licygiewicz@nortonrosefulbright.com

Stephanie N. DeBrow
Catherine Garza
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd., Suite 1100
Austin, TX 78701
Tel: 512-536-3094
stephanie.debrow@nortonrosefulbright.com
cat.garza@nortonrosefulbright.com

*Attorneys for Defendants*
*General Electric Company and Consumer*
*Lighting (U.S.), LLC d/b/a GE Lighting*

MORRIS JAMES LLP

/s/ Kenneth L. Dorsney
Kenneth L. Dorsney (No. 3726)
Cortlan S. Hitch (No. 6720)
500 Delaware Ave., Ste. 1500
Wilmington, DE 19801-1494
Tel: (302) 888-6800
kdorsney@morrisjames.com

chitch@morrisjames.com

OF COUNSEL:

Frank A. Angileri
Thomas Cunningham
John P. Rondini
Brooks Kushman P.C.
1000 Town Center, 22nd Floor
Southfield, MI 48075
fangileri@brookskushman.com
tcunningham@brookskushman.com
jrondini@brookskushman.com

*Attorneys for Current Lighting
Solutions, LLC*

SHAW KELLER LLP

/s/ Nathan Hoeschen
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan Hoeschen (No. 6232)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 298-0700
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com

OF COUNSEL:

Mark Hannemann
Ahmed E. ElDessouki
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
(212) 848-4000
mark.hannemann@shearman.com
ahmed.eldessouki@shearman.com

Daniel M. Chozick*
Shearman & Sterling LLP
401 9th Street, NW
Washington, DC 20004-2128

daniel.chozick@shearman.com
*Admitted in NY only; not admitted in DC

Patrick R. Colsher
Shearman & Sterling LLP
1460 El Camino Real
Menlo Park, CA 94025
(650) 838-3600
patrick.colsher@shearman.com

*Attorneys for Defendant OSRAM
Sylvania, Inc.*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/  Rodger D. Smith II*
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
Telephone: (302) 658-9200
rsmith@mnat.com

OF COUNSEL:

Srikanth K. Reddy
Kevin P. Martin
Brian T. Drummond
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Telephone: (617) 570-1000
sreddy@goodwinlaw.com
kmartin@goodwinlaw.com
BDrummond@goodwinlaw.com

*Attorney for Defendant Ledvance LLC*

Dated:  March 17, 2022