**BARNES & THORNBURG** LLP

222 Delaware Avenue, Suite 1200
Wilmington, DE 19801-1611 U.S.A.
(302) 300-3434
Fax (302) 300-3456

www.btlaw.com

Chad S.C. Stover
Partner
(302) 300-3474
chad.stover@btlaw.com

August 16, 2022

**Via CM/ECF**
The Honorable Maryellen Noreika
United State District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3570

      Re:    *CAO Lighting, Inc. v. General Electric Co., et al. (C.A. No. 20-681-MN)*
              *CAO Lighting, Inc. v. OSRAM Sylvania, Inc. et al. (C.A. No. 20-690-MN)*

Dear Judge Noreika:

      Pursuant to the Court's order (D.I. 322 in Civil Action No. 20-681-MN)[1], Plaintiff CAO Lighting, Inc. ("CAO") submits this letter regarding the need for Defendants to narrow their asserted invalidity contentions to permit the efficient resolution of Defendants' invalidity defenses without wasting the Court's, the jury's, and CAO's time and resources.

**A. Defendants Presently Assert Dozens Of Obviousness Combinations Based On 18 Prior Art References And 12 Separate Section 112 Invalidity Theories**

      CAO has narrowed its infringement case to only 5 claims from the '961 patent (claim 21 and dependent claims 32, 36, 40, and 42). Yet, despite CAO's repeated requests that Defendants narrow the number of asserted prior art combinations that they intend to assert at trial to a reasonable number, Defendants have continuously refused any meaningful narrowing. Through their joint expert, Michael Krames, Defendants currently assert ***dozens*** of combinations of prior art (using 18 different references) against each of these claims. *See* D.I. 246, Ex. 47 (Opening Expert Report of Michael Krames). Dr. Krames' obviousness opinions span 438 pages of his opening report. *See id*. at Section X (pages 89-527). Grouped into nineteen subsections of Section X of his report, Dr. Krames asserts multiple potential combinations, including at least 58 different combinations of allegedly invalidating prior art against each of asserted claims 21 and 32; at least 66 different combinations against asserted claim 36; at least 57 different combinations against asserted claim 40; and at least 68 different combinations against asserted claim 42. *See e.g., id.* at ¶ 244 (subsection X.A identifying at least 5 potential combinations against each asserted claims). In addition, Defendants assert 12 separate invalidity theories under 35 U.S.C. § 112 for alleged indefiniteness, lack of enablement, and lack written description of each of the asserted claims. *See id.* at Section XI (pages 527-561).

---

[1] All docket item citations are to Civil Action No. 20-681-MN.

The Honorable Maryellen Noreika
August 16, 2022
Page 2

Defendants know they cannot reasonably present their current invalidity contentions at trial.[2] Accordingly, to avoid wasting the jury's time as well as that of the Court and CAO, Defendants should be ordered to identify no more than ten (10) total, specific combinations of allegedly invalidating prior art against the five asserted claims that they may present at trial and no more than four (4) invalidity arguments under 35 U.S.C. § 112 that they may present at trial.[3]

CAO's request that Defendants be limited to 10 total specific combinations of prior art for the 5 asserted claims (an average of 2 combinations per claim) is consistent with abundant precedent in this district. For example, in *Intuitive Surgical, Inc. v. Auris Health, Inc.*, Your Honor limited the defendants to no more than 40 prior art references (where each obviousness combination counted as a separate prior art reference) that could be asserted against 20 asserted claims (*i.e.*, an average of 2 combinations per claim). *See* Ex. 1 at page 10 of 14 (*Intuitive Surgical, Inc. v. Auris Health, Inc.*, No. 18-1359-MN, D.I. 62 (D. Del. Apr. 15, 2019)). This narrowing also occurred at the deadline for final invalidity contentions—well before the narrowing that CAO requests in this case. Likewise, narrowing the asserted prior art based invalidity contentions to an average of two combinations per claim (or less) is routinely required well before trial. *See, e.g.,* Ex. 2 at 2 (*Fundamental Innovation Sys. Int'l LLC v. Lenovo (United States), Inc., et al.*, C.A. No. 20-551-RGA-CJB, D.I. 154 (D. Del. Mar. 3, 2022) (limiting defendants to "no more than 16 total references and 32 prior art combinations that may be used for arguing obviousness" as to 16 asserted claims)); Ex. 3 at 6 (*NexStep, Inc. v. Comcast Cable Commc'ns, LLC*, No. 19-1031-RGA, D.I. 30 (D. Del. Nov. 21, 2019) (limiting defendants to no more than 20 prior art references and no more than 20 prior art arguments for 10 asserted claims, *i.e.,* 2 references/combinations per claim)); Ex. 4 at 1-2 (*VLSI Tech. LLC v. Intel Corp.*, No. 18-966-CFC, D.I. 136 (D. Del. Apr. 22, 2019) (limiting defendant to no more than 30 combinations of prior art references after plaintiff's narrowing to 18 asserted claims, *i.e.*, less than 2 combinations per asserted claim)). Furthermore, CAO's request that Defendants be limited to four invalidity theories under 35 U.S.C. § 112 is entirely reasonable.

## B. Defendants' Most Recent Proposal Does Not Meaningfully Narrow Their Invalidity Contentions For Trial

In light of Dr. Krames' voluminous invalidity opinions, CAO has repeatedly requested that Defendants reasonably narrow their invalidity contentions to those that they may actually assert at trial. Ex. 5 (4/5/22 A. Kaufmann letter). In fact, since shortly after Defendants served their initial invalidity contentions on July 26, 2021, CAO has requested, without success, that Defendants limit

---

[2] Two trials in these consolidated cases are each scheduled for five days, with the first beginning on October 24, 2022 and the second trial beginning on November 28, 2022. D.I. 64 at 14.

[3] Consistent with precedent in this district, a prior art combination should "be understood to be a combination of two or more prior art references" such that "if two prior art references are combined to argue obviousness for three different claims, this would count as three prior art combinations (even though each combination consists of the same two references)" and "combinations that are listed as 'and/or' alternatives (for example, 'A and/or B and/or C') shall constitute as many combinations as can be formed based on what is stated." *See* Ex. 2 at 2 (*Fundamental Innovation Sys. Int'l LLC v. Lenovo (United States), Inc., et al.*, C.A. No. 20-551-RGA-CJB, D.I. 154 (D. Del. Mar. 3, 2022).

■ ■ ■ ■ ■ **BARNES & THORNBURG** LLP

The Honorable Maryellen Noreika
August 16, 2022
Page 3

their invalidity theories to a reasonable level. *See* Ex. 6 (8/5/21 T. Vare letter). To date, Defendants have not done any meaningful narrowing and recently offered only that:

> Defendants will reduce the number of prior art based invalidity grounds (i.e., the lettered subsections in Section X of Dr. Krames' opening report) that they will rely on at trial from 19 to 12 no later than September 9. Defendants will further reduce their number of prior art based invalidity grounds from 12 to 8 by the October 4 deadline for filing the Final Pre-trial Order.

Ex. 7 (8/5/22 B. Drummond email). This offer, however, does not meaningfully limit Defendants' invalidity contentions, much less in a timely manner. Notably, Defendants do not propose to limit the specific combinations of prior art, and instead only offer to limit the "lettered subsections in Section X of Dr. Krames' opening report." But even eight subsections could include over 50 combinations for each of the asserted claims. Moreover, there is no reason why Defendants cannot narrow their invalidity theories in advance of the filing of the pretrial order in order to allow for efficient trial preparation. The Court issued its claim construction ruling months ago, expert reports have been completed long ago, and expert discovery is finished. *See* D.I. 230; D.I. 241. Thus, Defendants have all the information they need to narrow their case for trial.

Defendants' refusal to narrow their invalidity contentions is based on a false premise. They contend that "Defendants' ability to narrow their contentions is limited by CAO's refusal to agree that all elements in originally issued claims 1, 7 and 8 are present in the prior art." Ex. 7 (8/5/22 B. Drummond email). But this excuse is contrary to the law, which requires the asserted claims be considered in their totality. *See Sanofi-Synthelabo v. Apotex, Inc.*, 550 F.3d 1075, 1086 (Fed. Cir. 2008) (instructing that "the determination of obviousness is made with respect to the subject matter as a whole, not separate pieces of the claim."). Defendants ignore that original claims 1, 7, and 8—which have all been cancelled—cover products that utilized LED light sources *or* laser light sources (claim 1 recited a "semiconductor chip being selected from the group consisting of light emitting diodes, light emitting diode arrays, laser chips, LED modules, laser modules, and VCSEL chips"). However, asserted claim 21 is specifically limited to LED light sources ("said at least one semiconductor chip is a light emitting diode (LED) chip"). *See* D.I. 264-1, Ex. 1 ('961 patent). Thus, prior art that implemented laser light sources may have potentially been relevant to claims 1, 7, and 8, *but may not be relevant* to asserted claim 21 (and its dependent asserted claims).

Accordingly, the Court should order Defendants to identify no more than ten (10) total, specific combinations of allegedly invalidating prior art against the five asserted claims that they may present at trial and no more than four (4) invalidity arguments under 35 U.S.C. § 112 that they may present at trial.

Respectfully submitted,

Chad S.C. Stover (No. 4919)

cc:  Counsel of Record (via CM/ECF)

**BARNES & THORNBURG** LLP