# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC, | |
| *Plaintiff*, | C.A. No. 20-551-RGA-CJB |
| vs. | |
| LENOVO (UNITED STATES), INC.; LENOVO HOLDING COMPANY INC.; LENOVO GROUP LTD., and MOTOROLA MOBILITY LLC, | |
| *Defendants*. | |
| FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC, | |
| *Plaintiff*, | C.A. No. 20-552-RGA-CJB |
| vs. | |
| TCT MOBILE (US), INC.; TCT MOBILE (US) HOLDINGS, INC.; HUIZHOU TCL MOBILE COMMUNICATION CO. LTD.; and TCL COMMUNICATION, INC., | |
| *Defendants*. | |

## ORDER FOR CLAIM AND PRIOR ART NARROWING

Having considered the parties' February 18, 2022 letter (D.I. 148 (20-551-RGA-CJB) and

D.I. 157 (20-552-RGA-CJB));

IT IS HEREBY ORDERED that:

1. On or before February 18, 2022, Plaintiff shall narrow the number of asserted claims

   to no more than 32 asserted claims in each case.[1]  Plaintiff may select these claims from

---

[1]  Plaintiff narrowed the asserted claims on February 18, 2022 as contemplated by this paragraph.

any of the asserted patents, there is no per-patent limit, and the claims asserted in each case need not be the same.

2. On or before March 8, 2022, the Defendants in each case shall narrow the number of prior art references to no more than 24 total prior art references for all asserted claims and no more than 96 prior art combinations that may be used for arguing obviousness. A "prior art combination" shall be understood to be a combination of two or more prior art references per claim. Thus, for example, if two prior art references are combined to argue obviousness for three different claims, this would count as three prior art combinations (even though each combination consists of the same two references). In addition, combinations that are listed as "and/or" alternatives (for example, "A and/or B and/or C") shall constitute as many combinations as can be formed based on what is stated. There is no per-patent limit on the number of prior art combinations or prior art references.

3. Within 2 weeks after the Court's entry of a claim construction order, Plaintiff shall further narrow the number of asserted claims to no more than 16 asserted claims in each case. Plaintiff may select these claims from any of the asserted patents, there is no per-patent limit, and the claims asserted in each case need not be the same.

4. Within 4 weeks after the Court's entry of a claim construction order, the Defendants in each case shall narrow the number of prior art references to no more than 16 total references and 32 prior art combinations that may be used for arguing obviousness, and shall identify those references and combinations to Plaintiff. There is no per-patent limit on the number of prior art combinations or prior art references.

2

5. The parties will only be permitted to modify their elections made pursuant to this Order for good cause.

Date: March __2__, 2022

_____/s/ Richard G. Andrews_____

United States District Judge