# EXHIBIT 5

# BARNES & THORNBURG LLP

One North Wacker Drive, Suite 4400
Chicago, IL 60606-2833 U.S.A.
(312) 357-1313
Fax (312) 759-5646

www.btlaw.com

Adam M. Kaufmann
Partner

(312) 214-8319
adam.kaufmann@btlaw.com

**VIA EMAIL**

April 5, 2022

Arthur Licygiewicz
Stephanie N. DeBrow
Cat Garza
Gabriel Culver
NORTON ROSE FULBRIGHT US LLP
Art.Licygiewicz@nortonrosefulbright.com
Stephanie.DeBrow@nortonrosefulbright.com
Cat.Garza@nortonrosefulbright.com
gabriel.culver@nortonrosefulbright.com

Daniel M. Silver
Alexandra M. Joyce
MCCARTER & ENGLISH LLP
dsilver@mccarter.com
ajoyce@mccarter.com

Srikanth K. Reddy
Kevin P. Martin
Brian T. Drummond
Monte Cooper
GOODWIN PROCTER LLP
sreddy@goodwinlaw.com
kmartin@goodwinlaw.com
BDrummond@goodwinlaw.com
mcooper@goodwinlaw.com
DG-LEDVANCE-CAO@goodwinlaw.com

Rodger D. Smith II
MORRIS, NICHOLS, ARSHT &
  TUNNELL LLP
rsmith@mnat.com

Mark A. Hannemann
Ahmed E. El Dessouki
Daniel M. Chozick
Patrick Colsher
SHEARMAN & STERLING LLP
Mark.hannemann@shearman.com
Ahmed.eldessouki@shearman.com
Daniel.Chozick@shearman.com
Patrick.colsher@shearman.com

Karen E. Keller
Andrew E. Russell
Nathan Hoeschen
SHAW KELLER LLP
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com

Kenneth L. Dorsney
Cortlan Hitch
MORRIS JAMES LLP
kdorsney@morrisjames.com
chitch@morrisjames.com

Frank A. Angileri
Thomas W. Cunningham
John P. Rondini
BROOKS KUSHMAN P.C.
fangileri@brookskushman.com
tcunningham@brookskushman.com
jrondini@brookskushman.com

RE:   **Defendants' Asserted Prior Art Combinations**
**_CAO Lighting, Inc. v. General Electric Co., et al._, Case No. 20-681-MN**
**_CAO Lighting, Inc. v. Osram Sylvania, Inc., et al._, Case No. 20-690-MN**

Dear Counsel:

I write on behalf of Plaintiff CAO Lighting, Inc. regarding Defendants' asserted prior art based invalidity arguments. As we have previously raised several times, Defendants are asserting

April 5, 2022
Page 2

an unreasonable and disproportionate number of prior art references and combinations as purportedly rendering the asserted claims invalid. Indeed, although Plaintiffs have narrowed to only 5 related, asserted claims from a single patent, Defendants' expert Dr. Krames in his March 18 report asserts 19 different sets of allegedly invalidating prior art combinations against each of the 5 asserted claims. Moreover, many of these sets of combinations include numerous alternative potential combinations and these combinations include over 18 different prior art references. This is simply unreasonable and Defendants cannot possibly intend to present over 19 prior art combinations as invalidating each of the asserted claims at trial.

In addition, there is no reason to further delay narrowing the asserted prior art. Plaintiffs have already responded to Defendants' final invalidity contentions, which include all the asserted prior art and combinations, and the Court has largely resolved the parties' claim construction disputes. Accordingly, we request that Defendants identify and limit themselves to no more than 2 specific combinations of alleged prior art that they contend renders each of the asserted claims obvious (for a total of no more than 10 combinations of prior art overall) by Friday April 8, 2022. Such a limit is entirely reasonable and consistent with abundant precedent in this district. *See, e.g., NexStep, Inc. v. Comcast Cable Commc'ns, LLC*, No. 19-1031-RGA, D.I. 30 at 6 (D. Del. Nov. 21, 2019) (limiting defendants to no more than 20 prior art references and no more than 20 prior art arguments for 10 asserted claims, *i.e.,* 2 references/combinations per claim); *Intuitive Surgical, Inc. v. Auris Health, Inc.*, No. 18-1359-MN, D.I. 62 at 10 of 14 (D. Del. Apr. 15, 2019) (limiting defendants to 40 prior art references/combinations of references after plaintiffs' narrowing to 20 asserted claims, *i.e.*, 2 references/combinations per asserted claim); *VLSI Tech. LLC v. Intel Corp.*, No. 18-966-CFC, D.I. 136 at 1-2 (D. Del. Apr. 22, 2019) (limiting defendant to no more than 30 combinations of prior art references after plaintiff's narrowing to 18 asserted claims, *i.e.*, less than 2 combinations per asserted claim).

If Defendants do not agree to so limit their asserted obviousness arguments under 35 U.S.C. § 103, we request that Defendants provide their availability for a meet-and-confer on this issue on Friday April 8 or Monday April 11.

Sincerely,

*/s/ Adam Kaufmann*

Adam Kaufmann

**BARNES & THORNBURG** LLP