# EXHIBIT 6

**BARNES & THORNBURG** LLP

11 S. Meridian Street
Indianapolis, IN 46204-3535 U.S.A.
(317) 236-1313
Fax (317) 231-7433

www.btlaw.com

Todd Vare
Partner
317-231-7735
todd.vare@btlaw.com

August 5, 2021

**VIA EMAIL**

Arthur Licygiewicz
Stephanie N. DeBrow
Catherine Garza
NORTON ROSE FULBRIGHT US LLP
Art.Licygiewicz@nortonrosefulbright.com
Stephanie.DeBrow@nortonrosefulbright.com
Cat.Garza@nortonrosefulbright.com

Michael P. Kelly
Daniel M. Silver
Alexandra M. Joyce
MCCARTER & ENGLISH LLP
mkelly@mccarter.com
dsilver@mccarter.com
ajoyce@mccarter.com

Frank A. Angileri
Thomas Cunningham
John P. Rondini
BROOKS KUSHMAN P.C.
fangileri@brookskushman.com
tcunningham@brookskushman.com
jrondini@brookskushman.com

Kenneth L. Dorsney
MORRIS JAMES LLP
kdorsney@morrisjames.com

Mark A. Hannemann
Ahmed E. El Dessouki
Daniel M. Chozick
Patrick Colsher
SHEARMAN & STERLING LLP
Mark.hannemann@shearman.com
Ahmed.eldessouki@shearman.com
Daniel.Chozick@shearman.com
Patrick.colsher@shearman.com

Karen E. Keller
Andrew E. Russell
Nathan Hoeschen
SHAW KELLER LLP
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com

Rodger D. Smith II
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
rsmith@mnat.com

Srikanth K. Reddy
Kevin P. Martin
Brian T. Drummond
GOODWIN PROCTER LLP
sreddy@goodwinlaw.com
kmartin@goodwinlaw.com
BDrummond@goodwinlaw.com

Re:     **Defendants' Initial Invalidity Contentions**
        *CAO Lighting, Inc. v. General Electric Co., et al.*, **Case No. 20-681-MN**
        *CAO Lighting, Inc. v. Osram Sylvania, Inc., et al.*, **Case No. 20-690-MN**

Atlanta  California  Chicago  Delaware  Indiana  Michigan  Minneapolis  New York  Ohio  Raleigh  Salt Lake City  Texas  Washington, D.C.

August 5, 2021
Page 2

Dear Counsel:

I write on behalf of Plaintiff CAO Lighting, Inc. ("CAO") regarding deficiencies in Defendants' Initial Invalidity Contentions, which were served on July 26, 2021. CAO's review of Defendants' Initial Invalidity Contentions is ongoing, however, and CAO reserves the right to identify additional deficiencies.

Defendants' Initial Invalidity Contentions suffer from several deficiencies. As an initial matter, although your contentions recognize that CAO asserts infringement of only 15 claims of a single patent, U.S. Patent No. 6,465,961 (the "'961 patent")—and these claims share many of the same limitations—Defendants have asserted an unreasonable and disproportionate number of prior art references and combinations thereof. The exact number of asserted prior art references and combinations is not even clear from your contentions. As explained below, Defendants must clarify the references and combinations that they assert and reduce the overall number of both prior art references and asserted prior art combinations.

### I.    Defendants' Contentions Do Not Reasonably Identify the Asserted Prior Art References

Although Defendants have provided claim charts for 33 alleged prior art references, your contentions are not clearly limited to these references. Indeed, in the section of your contentions titled "Prior Art that Anticipates or Renders Obvious Asserted Claims," Defendants assert that "the following prior art patents, printed publications, and systems, alone and/or in combination, anticipate and/or render obvious the Asserted Claims of the '961 Patent" and then identify 99 purported prior art references and systems (i.e., 75 "prior art patents and published patent applications," 22 "prior art non-patent publications," and 2 "prior art devices and systems"). Moreover, Defendants' identification of the two listed prior art devices and systems (i.e., "Lumileds System" and "Cree System") is also unclear and encompasses more than two specific devices or systems. In particular, Defendants' contentions identify the "Lumileds System" as "including, but not limited to Luxeon Star white LED product model numbers LXHL-MW1C, LXHL-MW1A and/or LXHL-NW98." And Defendants' contentions do not identify what specifically the "Cree System" is nor do they identify any documents purporting to identify the "Cree System." In addition, Defendants' contentions also purport to "reserve the right to present additional items of prior art."

Further compounding the uncertainty regarding Defendants' asserted prior art, the claim charts appended to the contentions purport to rely on additional prior art. For example, the chart titled "APPENDIX A-Combination" alleges that the asserted claims "are invalid as anticipated or obvious view of the prior art identified in Defendants' Invalidity Contentions **and the prior art described in the invalidity claim charts** attached thereto as Appendices A **alone or in combination with other prior art references**, including "any of the combinations identified in Reexamination No. 90/012,957 … and any of the combinations identified in Reexamination Nos. 95/000,680, and 95/002,324."[1] Thus, Defendants' contentions purport to require CAO to wade through 2,358 pages of invalidity charts for any additional prior art "described" therein and

---

[1] All emphases added unless otherwise noted.

**BARNES & THORNBURG** LLP

August 5, 2021
Page 3

apparently assert any additional prior art identified in "combinations identified in" any of the three listed reexaminations, without specifically identifying of any of those references.

In addition, the "APPENDIX A-Combination" specifically identifies three prior art references for which Defendants have not provided claim charts: U.S. Patent No. 5,535,230 ("Abe"); European Patent No. EP 0 977 278 ("Matsubara"); and U.S. Patent No. 5,998,925 "Shimizu").

Thus, it is not clear whether Defendants assert the 33 charted prior art references, the 36 references specifically identified in "APPENDIX A-Combination," the 99 patents, patent publications, non-patent publications, and devices/systems identified in the cover document to the contentions (which also encompass more than 99 discrete references and devices/systems as explained above), or some greater number based on additional prior art identified in the referenced reexaminations. It is axiomatic that without knowing what prior art Defendants actually assert, CAO cannot reasonably evaluate Defendants' contentions or prepare its case for trial. Accordingly, CAO demands that by Friday, August 13, 2021, Defendants specifically identify each asserted prior art reference upon which they rely in support of their contention that the asserted claims of the '961 patent are anticipated and/or obvious, including specific identifying information for any purported prior art device or system.

## II.     Defendants' Contentions Identify An Unreasonable Number of Prior Art References and Combinations

In this case, CAO asserts infringement of claim 21 of the '961 patent and 14 other claims that all depend from claim 21 (and many of these claims further depend from other asserted claims). Despite CAO's streamlined infringement allegations regarding only 15 related claims, Defendants assert a vastly disproportionate and unreasonable number of alleged prior art references and combinations. Indeed, the "Obviousness Combinations and Motivations" section of Defendants' invalidity contentions asserts that to the extent "any of the prior art references charted in Appendices A fail to explicitly or inherently disclose any element of the Asserted Claims, Defendants contend that it would have been obvious to modify such reference to include the allegedly missing element in view of the knowledge of one or ordinary skill in the art, **the admitted prior art of the '961 Patent, and/or in combination with any of the other prior art references identified in the Appendices**." As an initial matter, this assertion is inadequate to provide CAO with notice of Defendants' obviousness theories because it does not specify whether Defendants assert combinations regarding the allegedly "admitted prior art" separate from the "prior art references identified in the Appendices," and it does not reasonably identify the combinations that Defendants actually assert or the basis for such combinations. Indeed, as set forth above, the appendices to Defendants' invalidity contentions span 2,358 pages, and it is unreasonable to require CAO to scour these 2,358 pages for any "identified" prior art. To the extent Defendants also rely on allegedly "admitted prior art," Defendants have also failed to identify these references.

Even if Defendants' asserted prior art is limited to the 36 references specifically identified in "APPENDIX A-Combination," the contentions assert that these references could be combined "with other prior art references" without limitation. This results in many orders of magnitude more than a trillion potential combinations! But even if Defendants asserted combinations of no more than 3 references, this would amount to 42,840 potential combinations (36 x 35 x 34 = 42,840).

**BARNES & THORNBURG** LLP

August 5, 2021
Page 4

And it is apparent that Defendants do intend to rely on combinations of at least 3 references. Indeed, the cover page of "APPENDIX A-Combination" identifies what are apparently exemplary combinations, which include combinations of three references. Furthermore, even if Defendants only asserted combinations of no more than 2 references—even though Defendants' contentions are not so limited—this would still amount to 1,260 combinations (36 x 35 = 1,260). Again, this lack of clarity and the sheer number of potential combinations prevents CAO from reasonably evaluating Defendants' contentions or preparing its case for trial.

Accordingly, CAO requests that by Friday, August 13, 2021 Defendants identify no more than 25 specific prior art references and/or specific combinations of prior art references upon which they will rely in support of their contention that the asserted claims of the '961 patent are anticipated and/or obvious. Indeed, limiting Defendants' prior art based invalidity arguments to this level is consistent with numerous other orders that have been entered in this district limiting the asserted prior art. *See, e.g.*, *Vaxcel Int'l Co. Ltd. v. HeathCo* LLC, No. 20-224-LPS, D.I. 48 (oral order) (D. Del. Jan. 12, 2021) (limiting defendant to 30 prior art references regarding 33 asserted claims); *Intuitive Surgical, Inc. v. Auris Health, Inc.*, No. 18-1359-MN, D.I. 62 at 10 of 14 (D. Del. Apr. 15, 2019) (limiting defendants to 40 prior art references/combinations of references regarding 20 asserted claims); *NexStep, Inc. v. Comcast Cable Commc'ns, LLC*, No. 19-1031-RGA, D.I. 30 at 5-6 (D. Del. Nov. 21, 2019) (limiting defendants to 20 prior art references and no more than 20 prior art arguments regarding 10 asserted claims); *VLSI Tech. LLC v. Intel Corp.*, No. 18-966-CFC, D.I. 136 at 1 (D. Del. Apr. 22, 2019 (limiting defendant to no more than 30 combinations of prior art references regarding 18 asserted claims); *Deere & Co. v. AGCO Corp.*, No. 18-827-CFC, D.I. 72 at 13 (D. Del. Mar. 20, 2019) (limiting defendants to no more than 35 prior art references regarding 20 asserted claims).

In addition, narrowing the asserted prior art commonly occurs at the beginning of the claim construction process, so narrowing now is also appropriate. *Intuitive*, No. 18-1359-MN, D.I. 62 at 10 of 14 (narrowing of prior art to occur shortly after submission of Joint Claim Construction Chart); *NexStep, Inc.*, No. 19-1031-RGA, Oral Order (D. Del. Nov. 13, 2019) (limiting asserted prior art before initial exchange of claim terms for construction); *VLSI Tech. LLC v. Intel Corp.*, No. 18-966-CFC, D.I. 136 (narrowing of prior art to occur before submission of defendant's opening claim construction brief); *Deere*, No. 18-827-CFC, D.I. 72 at 13 (narrowing prior art before submission of opening claim construction brief).

Thus, by Friday, August 13, 2021 please either (1) identify no more than 25 specific prior art references and/or specific combinations of prior art references upon which Defendants will rely in support of their contention that the asserted claims of the '961 patent are anticipated and/or obvious, or (2) provide your availability for a meet-and-confer on this issue.

Sincerely,

/s/ Todd Vare

Todd Vare

**BARNES & THORNBURG** LLP