IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAO LIGHTING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-681-MN-SRF |
| | ) | |
| GENERAL ELECTRIC COMPANY, | ) | |
| CONSUMER LIGHTING (U.S.), LLC | ) | |
| d/b/a GE LIGHTING, and CURRENT | ) | |
| LIGHTING SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| CAO LIGHTING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-690-MN-SRF |
| | ) | |
| OSRAM SYLVANIA, INC., and | ) | |
| LEDVANCE LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**LETTER TO THE HONORABLE MARYELLEN NOREIKA FROM DEFENDANTS
REGARDING NARROWING OF INVALIDITY CONTENTIONS**

Dear Judge Noreika:

Pursuant to the Court's August 15, 2022 Oral Order (D.I. 330), the Defendants jointly submit the following letter in response to Plaintiff's August 16, 2022 letter (D.I. 331).[1]

Prior to Plaintiff contacting the Court to raise this dispute, Defendants proposed a two-step process for significantly narrowing their prior art-based invalidity grounds. In their most recent proposal, Defendants agreed to reduce the number of invalidity grounds from 19 to 12 by September 9 and from 12 to 8 by the October 4 deadline for the proposed Pretrial Order. Defendants also agreed to reduce their § 112 arguments to four by October 4.

Defendants respectfully request that the Court adopt Defendants' proposed narrowing schedule because: (1) Defendants rely on the same invalidity grounds CAO *previously agreed* demonstrated obviousness of the three canceled claims upon which all asserted claims in this litigation depend, and CAO should not be permitted to collaterally attack the PTO's reexamination findings, (2) given the unusually high number of claim limitations at issue, the Defendants' proposed limit of eight prior art-based invalidity grounds for 5 asserted claims is appropriate, and (3) Defendants maintaining eight invalidity grounds will not prejudice CAO.

## I.    RELEVANT PROCEDURAL BACKGROUND

The content of the asserted claims and procedural history here are both highly unusual. This case does not involve "only 5 claims of the '961 patent (claim 21 and dependent claims 32, 36, 40, and 42)." D.I. 331 at 1. Each asserted claim depends from cancelled claim 8, which depends on cancelled claim 7, which depends on cancelled claim 1. Therefore, Defendants have the burden of proving invalidity against eight claims of the '961 patent. Moreover, each asserted claim has between *21 and 30 limitations*. *See* D.I. 1-1 ('961 patent) 9:52−12:63; D.I. 1-2 (*Ex Parte* Reexamination Certificate) 1:32−3:32.

CAO cancelled claims 1, 7, and 8 during multiple *ex parte* and *inter partes* reexaminations after the examiner rejected the claims as obvious. In particular, during *ex parte* reexamination, the examiner determined that ten prior art references grouped into three invalidity grounds—the *same grounds* Defendants rely on—render claims 1, 7, and 8 obvious as follows:

(a)    Begemann WO '7569 (Begemann), in view of Siguira, and *any* of Abe, Waitl, Bogner, Matsubara, and Shimuzu, as evidenced by Scholl ("Reexam References I") (Ex. 1 at CAO_DE_004839−4854);

(b)    Begemann, in view of Nakamura, and *any* of Abe, Waitl, Bogner, Matsubara, and Shimuzu ("Reexam References II") (Ex. 1 at CAO_DE_004856−4860); and

(c)    Begemann, in view of Floyd, and *any* of Abe, Waitl, Bogner, Matsubara, and Shimuzu ("Reexam References III") (Ex. 1 at CAO_DE_004862−4867).

CAO elected not to challenge the examiner's conclusions, and instead cancelled all original claims, while adding new claims (Ex. 2 at CAO_DE_004892−5003).

---

[1]    For ease of reference, all citations are to the docket in case 20-690.

## II.    CAO SHOULD NOT BE PERMITTED TO COLLATERALLY ATTACK THE PTO'S FINDINGS

In an attempt to backtrack on the positions it took during reexamination, CAO has refused to admit that the Reexam References disclose each limitation in now-cancelled claims 1, 7, and 8.[2]  *See* Ex 3.  Thus, Defendants are forced to rely on the same invalidity grounds as those used by the examiner (Reexam References I, II, and III) to address the 19 limitations in cancelled claims 1, 7, and 8.  To do so, Defendants' expert, Dr. Krames, relies on the Reexam References in combination with one or more of up to six additional references.  CAO seeks to preclude Defendants from relying on the same references discussed by the examiner, even with respect to claims 1, 7, and 8.  CAO further challenges the examiner's conclusions regarding ***any*** combination of these references—to which CAO already acquiesced.  CAO's attempt at a collateral attack on the PTO's obviousness determination should not be permitted.  *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) ("One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled)[.]").

## III.    EIGHT INVALIDITY GROUNDS ARE NEEDED TO ADDRESS THE NUMEROUS LIMITATIONS AT ISSUE

The Defendants have asserted "invalidity grounds" rather than specific combinations of prior art due to the unique nature of the '961 patent with each asserted claim having between ***21 and 30 limitations***.  Rather than use a traditional combination like "reference A + reference B," Defendants use the format of "A + B and ***any*** of C, D, or E"—exactly like the examiner during the reexamination discussed above.  Presenting the prior art in this manner will streamline Defendants' presentation addressing the numerous limitations in this case.  In this unique case, and given the numerous limitations at issue, presenting invalidity grounds in this manner is the most practical approach.  Defendants expect to present, at most, 2 or 3 "lead" LED lamp references that disclose the vast majority of the claim limitations, with additional references needed to demonstrate obviousness of additional claim limitations.

Other cases in this District have permitted using invalidity grounds as Defendants propose here.  For example, in *Exelixis,* the plaintiff sought to preclude defendant's expert from offering invalidity opinions premised on multiple categories of references (*e.g.*, A + B + (C1, C2 or C3)).[3]  *Exelixis, Inc. v. MSN Lab'ys Private Ltd.*, C.A. No. 19-2017-RGA, D.I. 269, slip op. at 1 (D. Del. Apr. 18, 2022) (Exelixis's Motion *in Limine* No. 1) (Ex. 5).  The Court denied the motion, reasoning that "an obviousness combination requires the identification of two or sometimes three references that disclose the requisite claim elements, and (usually) additional references, which can be multiple references to show the state of the art, that, considered as a whole, support a motivation to combine and reasonable expectation of success in doing so." *Exelixis, Inc.*, C.A. No. 19-2017-RGA, D.I. 274, slip op at 1 (D. Del. Apr. 20, 2022) (Mem.

---

[2]    CAO's argument that the original claims covered lamps with LEDs or laser light sources (D.I. 331 at 3) is irrelevant because the prior art disclosed lamps with *both* light sources.

[3]    "The expert has three additional categories of references: (1) four that show 'c-Met's role in various Cancers,' (2) six references 'related to selecting a lead compound,' and (3) fourteen references 'related to modifying the lead compound.'"  *Exelixis, Inc.*, C.A. No. 19-2017-RGA, D.I. 274, slip op. at 1 (D. Del. Apr. 20, 2022) (Mem. Order) (Ex. 4).

Order) (Ex. 4).  The Court held that the categories did not need to be limited to a single reference.  *See id.* at 2; *see also Exelixis, Inc.*, C.A. No. 19-2017-RGA, D.I. 277, slip op. at 2 (D. Del. May 6, 2022) (Order After Pretrial Conference) (Ex. 6).  Similarly, in *PureWick Corp. v. Sage Products LLC*, the Court denied a motion to preclude the defendant from relying on an "omnibus" collection of prior art as one reference.  *See* C.A. No. 19-1508-MN, Oral Order Apr. 6, 2021 (D. Del. Mar. 29, 2021) (Ex. 7); C.A. No. 19-1508-MN, D.I. 148, slip op. at 1 (D. Del. Mar. 29, 2021) (Plaintiff's Letter) (Ex. 8).

At bottom, CAO asks this Court to rule as a matter of law that a defendant is constrained by a traditional method of presenting prior art at trial (*i.e.*, presenting only theories in the format of A+B+C).  But the Federal Circuit has consistently rejected "stringent rule[s]" in favor of a "flexible approach."  *Uber Techs., Inc. v. X One, Inc.*, 957 F.3d 1334, 1338–39 (Fed. Cir. 2020) (quoting *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 415 (2007)).  Indeed, in *KSR*, the Supreme Court stated that the obviousness of a claim can be shown by the "interrelated teachings of multiple patents; the effects of demands known to the design community or present in the marketplace; and the background knowledge possessed by a person having ordinary skill in the art."  550 U.S. at 418; *see also Procter & Gamble Co. v. Teva Pharms. USA, Inc.*, 566 F.3d 989, 994 (Fed. Cir. 2009) ("In keeping with the flexible nature of the obviousness inquiry, the requisite motivation to modify can come from any number of sources[.]") (cleaned up).

The scheduling orders cited by CAO are easily distinguishable because they arose in cases where the asserted patent claims had approximately between 6 and 11 limitations on average with no post-grant review history comparable to what took place here.  In contrast, restricting Defendants' prior art references to 10 in this litigation, or requiring strict prior art combinations, would make it extremely difficult for Defendants to cover all of the limitations in the dependent asserted claims.  Defendants' proposal to narrow its invalidity contentions is consistent with orders to narrow in this District.  *See Nextstep, Inc. v. Comcast Cable Commc'ns LLC*, C.A. No. 19-1031-RGA, D.I. 36 (D. Del. Dec. 8, 2019) (Ex. 9) (limiting Defendants to 20 prior art references and no more than 20 prior art arguments approximately six weeks before trial).  Because other cases in this District have allowed categories of prior art, rather than strict combinations, and because there are no stringent requirements for analyzing obviousness, Defendants request that their proposed eight invalidity grounds limit be adopted.

## IV.    DEFENDANTS' NARROWING PROPOSAL WILL NOT PREJUDICE CAO

Finally, Defendants proposed limitations will not prejudice CAO.  CAO's experts, Mr. Benya and Dr. Shealy, had no trouble responding to Dr. Krames's opinions.  For example, Mr. Benya and Dr. Shealy both dispute (contrary to CAO's position in reexamination) that a POSA would have been motivated to combine Begemann (one of Defendants' lead references) with the Reexam References I, II, and III.  *See e.g.*, Ex. 10 at ¶¶ 148−156, 188−193, 225−231; Ex. 11 at ¶¶ 151−160, 191−199, 226−234.  In addition, CAO is familiar with these references because it confronted them during reexamination.  And, despite Dr. Krames presenting 19 prior art combinations in his expert report, CAO concluded his deposition after only a few hours.

For the foregoing reasons, Defendants request that the Court enter an Order granting Defendants' proposed narrowing schedule, and deny Plaintiff's requested relief.

Respectfully,

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)

RDS/bac
Attachments

cc:   All Counsel of Record (via electronic mail; w/attachments)

4