# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAO LIGHTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> GENERAL ELECTRIC COMPANY, CONSUMER LIGHTING (U.S.), LLC d/b/a GE LIGHTING, and CURRENT LIGHTING SOLUTIONS, LLC. <br><br> Defendants. | C.A. No. 20-681-GBW |
| CAO LIGHTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> OSRAM SYLVANIA, INC., and LEDVANCE LLC. <br><br> Defendants. | C.A. No. 20-690-GBW |

## MEMORANDUM ORDER

At Wilmington, Delaware this 19th day of December, 2022.

Having reviewed the parties' submissions with respect to Defendants General Electric Co., Consumer Lighting (U.S.), LLC, Current Lighting Solutions, LLC, OSRAM Sylvania, Inc. and LEDVANCE, LLC (collectively, "Defendants") motion to stay the above-captioned actions

pending *inter partes* review ("IPR") of U.S. Patent No. 6,465,961 C2 ("the '961 patent") (D.I. 352, the "Motion to Stay")[1] IT IS HEREBY ORDERED that Defendants' Motion to Stay is DENIED as follows:

1.     Plaintiff CAO Lighting, Inc.'s ("Plaintiff" or "CAO") asserts the '961 patent against Defendants in two lawsuits filed in this District in May 2020 (D.I. 1, C.A. No. 20-681-GBW, D.I. 1, C.A. No. 20-690). The '961 patent discloses the use of semiconductor light sources incorporating a semiconductor chip to provide visible light for general illumination of indoor and outdoor spaces used by humans. D.I. 246-1 at 1:6-12. CAO has asserted the '961 patent against other defendants in litigations throughout the country. *See* D.I. 348-1 at 3 (citing *CAO Lighting, Inc. v. Cree, Inc.*, C.A. No. 21-00634 (M.D.N.C.), *CAO Lighting, Inc. v. Feit Electric Company, Inc.*, C.A. No. 20-04926 (C.D. Cal.), *CAO Lighting, Inc. v. Lights of America, Inc.*, C.A. 20-02367 (C.D. Cal.), *CAO Lighting, Inc. v. Topaz Lighting Corp.*, C.A. No. 21-08912 (C.D. Cal.), *CAO Lighting, Inc. v. Signify NV f/k/a Philips Lighting NV et al.*, C.A. No. 21-08972 (C.D. Cal.)).

2.     On April 8, 2022, two defendants involved in those other litigations (Wolfspeed, Inc. and IDEAL Industries Lighting, LLC d/b/a Cree Lighting (collectively, "Cree")) filed a petition with the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office requesting IPR of claims 21, 22, 25, 26, 28–30, 32–36, 40–44, 47–49, 52, 53, 56–59, 62, 63, 65–68, 71–73, 77, 78, 81, 82, 85, 86, and 88–91 of the '961 patent on grounds of unpatentability based on obviousness combinations (the "Cree IPR"), which the PTAB granted on October 19, 2022. D.I. 348-1 (IPR2022-00847). The Cree IPR includes all five claims (21, 32, 36, 40 and 42) asserted against Defendants in the above-captioned actions. D.I. 343.

---

[1] Docket numbers identified herein refer to C.A. No. 20-681 unless otherwise noted.

3.       In view of the instituted Cree IPR, Defendants advised the Court they intended to move to stay the above-captioned actions. D.I. 341 at 5:14-22. The Court subsequently ordered the parties to meet and confer regarding Defendants' intended motion, and to either consent to a stay or commence briefing on such motion on or before October 31, 2022. D.I. 340. On October 31, 2022, Defendants filed their Motion to Stay in this Court (D.I. 342) as well as a "copycat" petition before the PTAB seeking IPR on the "exact same grounds" as those asserted by Cree, and requesting to join in the instituted Cree IPR. D.I. 344, Ex. 1 at 9 (IPR2023-00123). Defendants' Motion to Stay has been fully briefed (D.I. 343, 345, 349). The parties also filed Notices of Supplemental Authority and responses thereto (D.I. 250, 351, 352, 355).

4.       A court has discretionary authority to grant a motion to stay. *See Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990). Courts generally consider three factors to determine whether a stay is appropriate: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage. *See Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, C.A. No. 15-1168-LPS, 2021 WL 616992, at *2 (D. Del. Feb. 17, 2021) (citing *Ethicon LLC v. Intuitive Surgical, Inc.*, C.A. No. 17-871-LPS, 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019)). Additionally, courts may consider a fourth factor—"whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court"—typically used to evaluate a stay pending Covered Business Method Review ("CBM") proceedings that may also be "properly applied to stays in IPR cases." *See SITO Mobile R&D IP, LLC v. World Wrestling Ent., Inc.*, C.A. No. 21-721-CFC, 2021 WL 7628181, at *1 (D. Del. Dec. 20, 2021) (quoting *Brit. Telecomms. PLC v. IAC/InterActiveCorp.*, C.A. No. 18-366-WCB, 2019 WL 4740156, at *2 (D.

Del. Sept. 27, 2019) ("While the four-factor test that Congress enacted for stays in CBM proceedings does not expressly extend to IPR cases, the policy considerations that apply in the two contexts are similar, and the Federal Circuit has held that the fourth factor set forth in the CBM statute may properly be applied to stays in IPR cases as well.")). Here, these factors do not favor granting a stay.

5. The first factor ("whether granting the stay will simplify the issues for trial") is neutral. The PTAB has instituted IPR proceedings on every asserted claim for the '961 patent. D.I. 349 at 2. While the PTAB's review could simplify this action by either invalidating some or all of the asserted claims or "clarify or narrow" the issues to be litigated, *PACT XPP Schweiz AG v. Intel Corp.*, C.A. No. 19-01006-JDW, 2020 WL 13119705, at *1 (D. Del. Nov. 5, 2020), the issues before the PTAB are not the only defenses asserted by Defendants in these actions. As CAO explains: "Were the Cree IPR to fail (which CAO Lighting contends it will), Defendants still maintain a variety of other defenses to the claims of infringement, including numerous additional Section 103 obviousness combinations, Section 112 defenses, and equitable defenses, including inequitable conduct and equitable estoppel." D.I. 345 at 1; *see also id.* at 8 ("Defendants now appear to put all their eggs in the IPR basket of the foregoing obviousness combinations—but that is not actually that case. Defendants maintain multiple other defenses—including (1) several additional prior art references forming the basis of dozens of other 103 combinations; (2) several Section 112 defenses; (3) inequitable conduct; and (4) equitable estoppel. None of these other defenses are part of the Cree IPR or will ever be considered by the PTAB.") (original emphasis removed). Defendants' response to CAO's assertions (that a stay is nevertheless "particularly justified" where "the outcome of a PTO proceeding is likely to assist the court in determining

4

validity", D.I. 349 at 4) does not, on balance, persuade this Court into concluding that the first factor "weighs heavily" in favor of a stay, as Defendants suggest. D.I. 349 at 2-3.

6. The second factor ("the status of the litigation, particularly whether discovery is complete and a trial date has been set") weighs strongly against a stay. These advanced actions have been pending in this Court for more than two-and-a-half years. All discovery (including depositions, fact and expert discovery) is complete. The Court has conducted claim construction (D.I. 230) and has largely resolved the parties' dispositive motions (D.I. 347).[2] Trials were originally scheduled to begin on October 24, 2022 and November 28, 2022, and were only rescheduled due to the needs of the Court. D.I. 64. Now, pretrial proceedings will occur in mere months—pretrial conferences have been set for January 31, 2023 and February 21, 2023, and trials have been rescheduled for February 13, 2023 and March 27, 2023. Thus, the parties have already expended significant resources litigating these actions and the Court has expended significant resources becoming intimately familiar with them and resolving disputes along the way. *Compare Cronos Techs., LLC v. Expedia, Inc.*, C.A. No. 13-1538-LPS, 2016 WL 1089752, at *2 (D. Del. Mar. 21, 2016) (explaining that "[g]iven the resources already expended by both sides and the Court in this case, the stage of the case weighs against granting a stay [pending reexamination]" when "expert discovery is complete and last week the parties' filed their case dispositive motions and *Daubert* motions"), *with IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB, 2019 WL 3943058, at *5 (D. Del. Aug. 21, 2019) (staying case, in part, because "the most

---

[2] Plaintiff's Motions to Exclude Under Daubert and Federal Rule of Evidence 702 (D.I. 254 in C.A. No. 20-690, D.I. 243 in C.A. No. 20-681) and Defendants' Motion to Preclude Expert Testimony (D.I. 259 in C.A. No. 20-690, D.I. 248 in C.A. No. 20-681) remain under consideration by the Court. Additionally, the Court has ordered supplemental briefing with respect to the parties' cross-motions for summary judgment related to actual notice under 35 U.S.C. § 287, briefing of which is due to be completed on December 22, 2022. D.I. 348.

burdensome stages of the cases—completing discovery, preparing expert reports, filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motions practice—all lie in the future"); *SITO Mobile*, 2021 WL 7628181, at *2 (staying case where "[t]he parties have yet to initiate fact discovery or claim construction, and no trial date has been set" and "[g]ranting a stay at this early stage will advance judicial efficiency and maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims").

      7.     Indeed, when the Cree IPR has been raised in other litigations, the "status of the litigation" factor has been critical to the stay calculus. For example, in an action between Plaintiff and other defendants pending in the United States District Court for the Middle District of North Carolina, the parties stipulated to a stay pending the Cree IPR because "this case is in its earliest stages," "no discovery has occurred," and "Defendants have not answered the complaint and there is no scheduling order in this case." *See* D.I. 350, Ex. B at 2 (attaching Memorandum of Law in Support of Joint Motion to Stay Pending Instituted *Inter Partes* Reviews, *CAO Lighting, Inc. v. Cree, Inc.*, C.A. No. 21-00634 (M.D.N.C. Nov. 22, 2022)). In contrast, when denying a defendant's motion to stay pending the Cree IPR, the United States District Court for the Central District of California concluded that the "advanced stage of litigation weighs heavily against a stay" because although trial lies ahead, "much more lies behind." D.I. 352-1 at 3 (attaching Civil Minutes-General, *CAO Lighting, Inc. v. Feit Electric Company, Inc.*, 20-04926-AB (C.D. Cal. Dec. 5, 2022) (denying stay where "fact and expert discovery had closed, claim construction was complete, and the parties had filed all summary judgment briefing" and trial is set for March 2023")). The same is true here: with only rescheduled trials remaining, the advanced status of the above-captioned actions strongly disfavors a stay.

6

8. The third factor ("whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage") similarly disfavors a stay. In evaluating undue prejudice and whether a tactical advantage is gained, courts consider (1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceedings; and (4) the relationship of the parties. *IOENGINE*, 2019 WL 3943058, at *5. Here, Defendants did not seek review of the '961 patent, but instead chose to file a "copycat" petition once the Cree IPR had been instituted, and only moved this Court for a stay upon that institution. While oral argument has been scheduled in the Cree IPR for July 2023 and a Final Written Decision is due by October 2023, a stay would necessarily delay trial in these actions until at least 2024 (if not longer should the Final Written Decision be appealed). D.I. 344, Ex. 4. While the parties' products at issue in these litigations do not compete in the marketplace and the '961 patent has expired (suggesting that any delay "can be adequately remedied by money damages plus accrued interest," *SITO Mobile*, 2021 WL 7628181, at *2), courts have recognized that "delay inherently harms a non-moving party by prolonging resolution of the dispute, even if the party is not currently a direct competitor." *RideShare Displays, Inc. v. Lyft, Inc.*, C.A. No. 20-1629-RGA-JLH, 2021 WL 7286931, at *2 (D. Del. Dec. 17, 2021) (citing *Neste Oil OYJ v. Dynamic Fuels, LLC*, C.A. No. 12-1744-GMS, 2013 WL 3353984, at *2–4 (D. Del. July 2, 2013)). Thus, the third factor disfavors a stay.

9. Finally, for the reasons discussed above in the context of the second factor, the burdens of litigation have, in significant part, already been born by the parties and the Court. Accordingly, the fourth factor disfavors a stay.

10. Thus, because the pertinent factors do not weigh in favor of a stay, Defendants' Motion to Stay is DENIED.

_____<br>
GREGORY B. WILLIAMS<br>
UNITED STATES DISTRICT JUDGE