IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAO LIGHTING, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY, CONSUMER LIGHTING (U.S.), LLC d/b/a GE LIGHTING, and CURRENT LIGHTING SOLUTIONS, LLC,<br><br>      Defendants. | C.A. No. 20-681-GBW |
| CAO LIGHTING, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>OSRAM SYLVANIA, INC., and LEDVANCE LLC,<br><br>      Defendants. | C.A. No. 20-690-GBW |

## MEMORANDUM ORDER

At Wilmington, Delaware this 25th day of January, 2023:

Having reviewed the parties' supplemental letter briefing with respect to actual notice under 35 U.S.C. § 287 (D.I. 353, 354, 358, 359) and the parties' respective motions for summary judgment on that issue (D.I. 243, 248, collectively, the "Actual Notice Summary Judgment

Motions"),[1] IT IS HEREBY ORDERED that the Actual Notice Summary Judgment Motions are GRANTED-IN-PART and DENIED-IN-PART as follows:[2]

1.    On May 5, 2011, Plaintiff CAO Lighting, Inc.'s ("Plaintiff" or "CAO") filed a lawsuit asserting the U.S. Patent No. 6,465,961 (the "'961 patent") against GE Lighting, Inc. and OSRAM SYLVANIA, INC. ("OSRAM"), among others, in the U.S. District Court for the District of Utah (the "Utah Action"). In the Utah Action, CAO alleged that defendants infringed by "manufacturing, using, marketing, selling, and/or offering to sell, in the District of Utah and elsewhere throughout the United States . . . products that fall within the scope of the claims of the CAO Patents." D.I. 256, Ex. 9 ¶ 21.

2.    In September 2012, GE Lighting, Inc. and OSRAM filed *inter partes* reexamination requests as to the '961 patent, which the USPTO eventually consolidated into a single proceeding. D.I. 245, 287 ¶¶ 13-15; D.I. 256, Ex. 5. On August 26, 2013, OSRAM filed a request for *ex parte* reexamination of claims 1, 7, 8, and 9 of the '961 patent. D.I. 245, 287 ¶ 17. During the *inter partes* and *ex parte* reexamination proceedings, original claims 1–20 of the '961 patent were cancelled. D.I. 245, 287 ¶ 19. In the *ex parte* reexamination proceeding, new claims 21–103 were added. *Id.* On July 23, 2014, the United States Patent and Trademark Office ("USPTO") issued a Notice of Intent to Issue *Ex Parte* Reexamination Certificate deeming new claims 21–103 patentable. D.I. 245, 287 ¶ 20. On September 2, 2014, the USPTO issued the *Ex Parte*

---

[1] Docket numbers identified herein refer to C.A. No. 20-681 unless otherwise noted.

[2] The Court writes for the benefit of the parties and assumes their familiarity with these actions.

Reexamination Certificate for the '961 patent. *Id.* On January 14, 2020, CAO informed the Utah court of the newly-issued claims of the '961 patent. D.I. 269, 281 ¶¶ 18-19.[3]

3. In May 2020, CAO initiated the above-captioned actions in this Court by asserting the newly-issued claims of the '961 patent against Defendants General Electric Company, Consumer Lighting (U.S.), LLC d/b/a/ GE Lighting, Current Lighting Solutions, LLC, Osram Sylvania, Inc. and LEDVANCE, LLC's (collectively, the "Defendants"). D.I. 1.

4. After the parties filed motions for summary judgment on multiple grounds, the Court ordered the parties to rank the grounds for summary judgment raised in their motions "with the understanding that once the Court denies summary judgment as to any single ground raised in Plaintiff's [or Defendants'] motion, the Court will not address any summary judgment grounds that were ranked after that ground." D.I. 330. Plaintiff ranked "No Inequitable Conduct for Failure to Present Clear and Convincing Evidence of Deceptive Intent" first and "Plaintiff Provided Actual Notice Under 35 U.S.C. § 287" second. D.I. 333. Defendants ranked "Non-infringement ('first reflective layer' . . . )" first and "No Actual Notice" second. D.I. 332.

5. The Court held oral argument and ultimately denied the parties' first-ranked motions for summary judgment. D.I. 347. In the Memorandum Order, the Court held "[p]ursuant to D.I. 330, with the exception of Plaintiff's and Defendants' cross-motions for summary judgment related to actual notice under 35 U.S.C. § 287, all remaining grounds for summary judgment identified in Plaintiff's and Defendants' motions are also denied." *Id.* at 9.

6. Having the benefit of oral argument and consistent with the Court's "wide discretion and power to advance causes and simplify procedure before presentation of cases to

---

[3] The Utah court had previously stayed that action in March 2023 in view of GE Lighting, Inc. and OSRAM's request for *inter partes* reexamination. D.I. 245, 287 ¶ 16.

juries", *Lassiter v. City of Philadelphia*, 716 F.3d 53, 55 (3d Cir. 2013),[4] the Court ordered the parties to submit opening and responsive supplemental letter briefs with respect to their Actual Notice Summary Judgment Motions addressing, with citation to authority, "whether the Utah Action serves as actual notice of infringement for purposes of § 287(a)."[5] D.I. 348. Consistent with the Court's Oral Order, the parties filed opening letter briefs (D.I. 353, 354) and responsive letter briefs (D.I. 358, 359).

7. CAO asserts that its filing of the Utah Action constitutes actual notice under 35 U.S.C. § 287(a) as a matter of law. D.I 255 at 14. However, at the motion to dismiss stage, this Court previously held that CAO's filing of the Utah Action asserting the pre-reexamined '961 patent does not satisfy the actual notice requirement under § 287. This Court, considering willfulness and actual notice *seriatum*, so reasoned:

---

[4] *See also In re Intel Corp. Microprocessor Antitrust Litig.*, C.A. No. 05-441-JJF, 2009 WL 1885666, at *1 (D. Del. June 25, 2009) ("Pursuant to Federal Rule of Civil Procedure 16(c), the Court has broad discretion to take appropriate action to identify the litigable issues so as to simplify an action for trial and promote efficiency and the conservation of judicial resources. While this authority includes the ability to adjudicate disputed legal issues early in the litigation, it also includes the authority to deny or postpone summary judgment motions that are premature or require a full record for resolution.")

[5] Section 287(a) provides in pertinent part:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented ... by fixing thereon the word "patent" .... In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

35 U.S.C. § 287(a).

> Next we have the motions of Ledvance and Osram to dismiss the willfulness claim. I will grant the motion as to pre-suit willfulness. To state a claim for willful infringement, a plaintiff must plausibly allege at a minimum that the defendant one, knew of the asserted patents; and two, knew or should have known of its infringement.
>
> In the amended complaint, plaintiff alleges that defendants have been on notice of the '961 Patent and plaintiff's allegations of infringement of that patent since the Utah case was filed in 2011. It also alleges that defendants were aware of the IPR and reexamination proceedings and the outcomes of those and alleges that we can infer that the products currently accused are substantially the same as those accused of infringing the '961 Patent in Utah. Taking those allegations as true, I find that that is at most sufficient to give notice that new claims had been added to the patent. The allegations do not plausibly allege the defendants knew or should have known they infringed the patent as it existed after the reexamination or why the patent changed. None of the same claims that had been asserted previously still existed. Indeed, the claims were apparently narrowed in scope adding limitations that were not in the original claims. Thus, as I said a minute ago, I will grant the motion as to pre-suit willfulness allegations.
>
> Finally, we have the motion to dismiss allegations of pre-suit damages based on failure to provide notice and failure to adequately plead compliance with the marking requirement. 35 U.S.C. § 271(a) [sic] requires that a patentee who makes or sells a patented article, marks the article to recover past damages. It is the patentee's burden to plead compliance with § 287(a). Plaintiff must adequately plead that it provided actual notice of the infringement or constructive notice by its compliance with the patent marking statute. As to actual notice, as I just determined regarding willfulness, **plaintiff has not plausibly pleaded actual notice of infringement of the patent claims that currently exist.** I also agree that there has not been any constructive notice adequately pleaded. . . So I am going to grant the motion as to pre-suit damages. Now, to be clear, in dismissing the claims that I have, I am doing so without prejudice to the extent that plaintiff can try to replead with plausible allegations.

D.I. 97 in C.A. No. 20-690, Tr. 38:9-40:6 (emphases added).

8. This Court's prior ruling is law of the case that may not be disregarded. *Cf. C R Bard Inc. v. Angiodynamics, Inc.*, C.A. No. 15-218-JFB-SRF, 2022 WL 1101799, at *2 (D. Del.

Apr. 13, 2022) (affirming Magistrate Judge's view that Federal Circuit holding asserted claims eligible under 35 U.S.C. § 101 constituted "law of the case" and explaining that "[t]his Court is not free to disregard the Federal Circuit's explicit holding"); *see also Hayman Cash Reg. Co. v. Sarokin*, 669 F.2d 162, 165 (3d Cir. 1982) (finding "law of the case . . . should not be reconsidered except in unusual circumstances"). Although CAO argues that "there are no prior rulings from Judge Noreika addressing" CAO's actual notice allegations as plead in its Third Amended Complaint, D.I. 358 at 3, CAO's operative complaint relies upon the same Utah Action for actual notice purposes this Court previously held insufficient under 35 U.S.C. § 287.[6] By again relying on those allegations, CAO "has not plausibly pleaded actual notice of infringement of the patent claims that currently exist." D.I. 97 in C.A. No. 20-690, Tr. 39:20-23.[7]

---

[6] D.I. 66 ¶ 40 ("CAO Lighting, through its predecessor in interest, also provided actual notice of infringement of the '961 patent by filing an action for infringement in May 2011 in the United States District Court for the District of Utah, Case No. 2:11-cv-426-DB ("the Utah Action")); *id.* ¶ 60 ("The Utah Action provided actual notice of infringement of the '961 patent under Section 287(a).").

[7] Both *Lucent Techs. v. Microsoft Corp.*, 544 F. Supp. 2d. 1080 (S.D. Cal. 2008) and *CFL Technologies LLC v. GE*, C.A. Nos. 18-1444-RGA and 18-445-RGA, 2021 WL 1105335 (D. Del. Mar. 23, 2021) do not compel a different result as they did not involve an earlier lawsuit asserting claims that were cancelled during an intervening reexamination with new claims introduced during the intervening reexamination.

Section 287(a) requires "that the infringer was notified of the **infringement** and continued to infringe thereafter . . . ." 35 U.S.C § 287 (emphasis added). "As is black letter law, the claims define the exclusive rights conferred by a patent, and the validity and infringement of those rights must be evaluated on a **claim by claim basis**." *Ernie Ball, Inc. v. Earvana, LLC*, 502 F. App'x 971, 976 (Fed. Cir. 2013) (citations omitted) (emphasis added); *see also Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001); *Bayer AG v. Elan Pharm. Research Corp.*, 212 F.3d 1241 (Fed. Cir. 2000). Thus, for an alleged infringer to be on "noti[ce] of the infringement," it must be on notice of the claims in the patent that it is alleged to have infringed. *See id; but see CAO Lighting, Inc. v. Feit Electric Co.*, No. CV 20-04926-AB, 2020 WL 7786580, at *4 (C.D. Cal. Oct. 22, 2020) (finding the actual notice requirement of 35 U.S.C. § 287(a) satisfied when the recipient is informed of the identity of the patent).

9. Therefore, because CAO's filing of the Utah Action asserting the pre-reexamined '961 patent does not satisfy the actual notice requirement under 35 U.S.C. § 287, CAO's summary judgment motion as to actual notice is DENIED-IN-PART and Defendants' motion as to no actual notice is GRANTED-IN-PART.

10. Consistent with the Court's Oral Order advising the parties that it would not consider additional grounds for summary judgment ranked after a denied first-ranked ground, coupled with the Court's Oral Order requesting supplemental briefing solely addressing actual notice, D.I. 330 & 348, the Court does not reach for purposes of summary judgment whether CAO has satisfied 35 U.S.C. § 287 by marking. *See Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020) ("A patentee who makes or sells patented articles can satisfy the notice requirement of § 287 either by providing constructive notice—i.e., marking its products—or by providing actual notice to an alleged infringer." (quoting *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345 (Fed. Cir. 2001)).

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

Here, the claims of the '961 patent asserted in this case did not exist when the Utah Action was filed. D.I. 359 at 1. In fact, the claims of the '961 patent at issue in the Utah Action were both different and narrower than the claims at issue in the above-referenced actions and the parties do not appear to dispute this point. *Id.*