# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAO LIGHTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> GENERAL ELECTRIC COMPANY, CONSUMER LIGHTING (U.S.), LLC d/b/a GE LIGHTING, and CURRENT LIGHTING SOLUTIONS, LLC, <br><br> Defendants. | C.A. No. 20-681-GBW |
| CAO LIGHTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> OSRAM SYLVANIA, INC. and LEDVANCE LLC, <br><br> Defendants. | C.A. No. 20-690-GBW <br><br> **PUBLIC VERSION** |

**CAO LIGHTING'S OPENING LETTER BRIEF IN SUPPORT OF ITS EMERGENCY MOTION TO STRIKE/EXCLUDE DEFENDANTS' NEW, UNPLED, AND UNTIMELY INEQUITABLE CONDUCT CLAIM**

In the proposed pretrial order, Defendants include a new claim for inequitable conduct for the June 14, 2023 bench trial based on the "Lumileds system" that was not pled in any of Defendants' counterclaims or affirmative defenses. Ex. 1 (Defendants' 5/11/23 pretrial order proposal) at ¶ 85. This new claim, which Defendants raise on the eve of the bench trial and without seeking leave from the Court to amend their pleadings, is an improper, highly prejudicial, last minute attempt to expand the case.[1] Defendants' asserted justification for including the new claim—that it is permitted by Fed. R. Civ. P. 15(b)(2), based on CAO Lighting's alleged consent—is meritless. *Id.* CAO Lighting has in no way consented to this new inequitable conduct claim. Likewise, Defendants' asserted basis for the new theory—alleged admissions by Dr. Cao during the GE/Current case jury trial—is also meritless. Moreover, Defendants could have sought to amend their pleadings to include this new claim long ago, but chose not to. Good cause, therefore, does not exist for any such amendment to the pleadings. The Court should (1) strike Defendants' new, unpled inequitable conduct claim based on the Lumileds system, and (2) preclude any argument or evidence at the bench trial or in post-trial briefing relating to such theory.

Six weeks after the GE/Current case jury trial, on March 30, Defendants told CAO Lighting that they "intend to amend their counterclaims for inequitable conduct to include Dr. Cao's failure to disclose the Lumileds LEDs to the USPTO, although he admitted at trial (contrary to his deposition testimony) that he used them in the invention prototype and used a diagram of the chip in his patent application." Ex. 2 (3/30/23 T. Cunningham email). This assertion is both untrue and too late. Dr. Cao did not change his testimony or admit that he used Lumileds LEDs in his prototype, and the evidence does not establish that the prototype uses Lumileds LEDs. *See* Ex. 3 (Trial Tr.) at 293:11-294:7. Likewise, Dr. Cao did not admit that he used a Lumileds diagram in the '433 patent. At the time defense counsel suggested a diagram in the '433 patent was a Lumileds diagram, Dr. Cao, who is not a native English speaker, testified only that he "put the diagram" in the patent—not that he put the Lumileds diagram in his patent. When shown both diagrams, Dr. Cao correctly testified—without contradiction—that the two diagrams have different numbers of leads and are "clearly not" the same chip. Ex. 3 at 342:10-13.

Defendants' attempt to add this new inequitable conduct claim should also be rejected because it is extremely untimely and not diligent. The deadline for amendments to the pleadings in both cases was in April 2021—over two years ago. Case No. 20-681, D.I. 64; Case No. 20-690, D.I. 87. "Federal Rule of Civil Procedure 16(b) also applies when a party moves to amend" under Rule 15 "after the date set by the scheduling order, as is the case here." *Pharmacy Corp. of Am./Askari Cons. Litig.*, No. 16-1123, 2020 WL 3060366, at *3 (D. Del. June 9, 2020) (denying motion to amend under Rule 15(b)). "[T]he good cause standard under Rule 16(b) hinges on diligence of the movant." *Id.*; *see also E. Minerals & Chemical Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000) (affirming denial of Rule 15 amendment where good cause under Rule 16(b) was not shown). Defendants have not been diligent in seeking to amend. Defendants have long known—indeed, for more than 2 years—about Dr. Cao's prototypes that Defendants believe now form the basis for their new inequitable conduct claim. For example, in CAO Lighting's April 29, 2021 supplemental response to Defendants' Common Interrogatory No. 4 regarding the priority

---

[1] Defendants' pleadings do not assert a claim for inequitable conduct based on a Lumileds system. "[I]nequitable conduct … must be pled with particularity under Rule 9(b)." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1323, 1326 (Fed. Cir. 2009) (internal quotations and citations omitted). But Defendants' pleadings do not mention Lumileds anywhere, much less in their inequitable conduct allegations. *See* Case No. 20-681 D.I. 15, D.I. 59; Case No. 20-690 D.I. 75, D.I. 76.

dates of the asserted claims, CAO Lighting identified these prototypes, identified photographs of the prototypes by Bates number, and stated that "[t]hese prototypes shown below and in production document CAO008935 are available for inspection." *See* Ex. 4 (4/29/21 Second Suppl. Responses) at 18-19. This interrogatory response also identified Dr. Cao's day planner, by Bates number, which refers to Lumileds LEDs. *Id.* at 19. Thus, Defendants could have inspected the prototype over two years ago, but they did not request to inspect it until January 2023—just before the jury trial in the GE/Current case. Ex. 5 (1/9/23 T. Cunningham email).

Defendants also deposed Dr. Cao for *three days* in January 2022 and questioned him regarding the prototypes and his knowledge of Lumileds LEDs. Dr. Cao testified that a May 2000 day planner page referenced in the supplemental interrogatory response referring to a Lumiled P.O. "related to a blue color LED we used for dental curing light," that he was "familiar with the company Lumiled," and that he "d[id]n't remember" if Lumileds products were ever used in his LED light source products. Ex. 6 (1/21/22 D. Cao dep. tr.) at 23:12-26:3, 29:11-31:17. Dr. Cao's testimony then is consistent with his testimony at trial. *Compare* Ex. 6 at 23:12-26:3, 29:11-31:17, *with* Ex. 3 at 293:11-294:7. But in any event, Defendants still did not pursue this new inequitable conduct theory or seek to inspect the prototype. And despite recognizing in a March 30, 2023 email that their pleadings would need to be amended to assert this new inequitable conduct claim, Defendants still did not do so. Ex. 2. Instead, Defendants now say they will only move to amend after CAO Lighting moves to strike, so they can reserve the right to a reply. Ex. 7 (5/22/23 B. Drummond email). Defendants have not been diligent and good cause does not exist for their amendment. Rather, Defendants' failure to comply with the scheduling order or move for leave to amend indicates bad faith and gamesmanship. *See BearBox LLC v. Lancium LLC*, No. 21-534-GBW, 2022 WL 17403466, at *2 (D. Del. Nov. 23, 2022).

Defendants' proposed amendment also does not meet the requirements of Fed. R. Civ. P. 15(b)(2)—another independent reason for denying the amendment. "Rule 15(b)(2) allows for the amendment of a complaint to conform to the evidence offered at trial, as long as the parties consent either expressly or impliedly."[2] *Addie v. Kjaer*, 737 F.3d 854, 867 (3d Cir. 2013). CAO Lighting clearly does not expressly consent to Defendants' proposed amendment, so "[t]he question then is whether [CAO Lighting] gave [its] implied consent." *Id.* "To determine whether a party has impliedly consented to the amendment of a pleading, courts look to: whether the parties recognized that the unpleaded issue entered the case at trial, whether the evidence that supports the unpleaded issue was introduced without objection, and whether a finding of trial by consent prejudiced the opposing party's opportunity to respond." *Id.*, quoting *Douglas v. Owens*, 50 F.3d 1226, 1236 (3d Cir. 1995). All three considerations weigh against the proposed amendment.

First, "an issue has not been tried by implied consent if evidence relevant to the new claim is also relevant to the claim originally pled because the [opposing party] does not have any notice that the implied claim was being tried." *Id.*; *see also Greene v. Virgin Islands Water & Power* Authority, 557 F. App'x 189, 193-94 (Fed. Cir. 2014) (affirming denial of amendment under Rule 15(b)(2) where evidence of the proposed new claim "was intertwined with the evidence presented" regarding a pleaded claim). This is the situation here because evidence regarding the Lumileds LEDs and their alleged use in Dr. Cao's prototype was relevant to Defendants' invalidity defense that was tried in the February 2023 jury trial. Indeed, Defendants asserted that the LumiLeds LEDs

---

[2] "Trial by consent of unpleaded claims is not unique to patent law," so Third Circuit law governs this issue. *Energy Heating, LLC v. Heat On-The-Fly, LLC*, 889 F.3d 1291, 1305 (Fed. Cir. 2018).

rendered the asserted claims obvious and that the non-disclosure of LumiLeds to the PTO was relevant to this issue, and they implied that Dr. Cao's alleged use of LumiLeds LEDs in his prototype evidenced a motivation to use such LEDs with LED lamps. *E.g.*, Ex. 3 at 141:10-145:2, 335:20-336:24, 787:5-22, 811:12-17. Moreover, before the jury trial in the GE/Current case, "[t]he parties request[ed] that Defendants' inequitable conduct claims and equitable estoppel defenses be tried by the Court after the conclusion of both jury trials" (Case No. 20-681, D.I. 368 ¶ 89), and the Court ordered just that. Ex. 8 (2/2/23 Hr'g Tr.) at 9:1-5. Thus, Defendants' new claim was not tried by implied consent. To the contrary, CAO Lighting did not believe that any inequitable conduct theory, much less this new, unpled theory, was being tried at the February 2023 jury trial.

Second, evidence regarding this new inequitable conduct claim was not introduced without objection. When Defendants questioned Dr. Cao regarding disclosure of Lumileds LEDs to the PTO, CAO Lighting objected and the Court agreed that Defendants "don't need to ask this witness in the context of misconduct type of questions that relate to inequitable conduct." Ex. 3 at 335:20-337:5. CAO Lighting also objected and moved for a mistrial when Defendants raised this issue again during closing arguments. *See* Ex. 3 at 1075:1-1077:10, 1080:18-1081:1. And Defendants opposed this objection arguing the evidence was relevant to invalidity. *See id*. at 1075:19-20.

Third, Defendants' eleventh hour assertion of a new inequitable conduct claim on the eve of trial and long after the close of fact and expert discovery is highly prejudicial and prevents CAO Lighting from developing its defenses to this claim. For example, CAO Lighting had no reason to (1) depose Daniel McCarthy the attorney who prosecuted the '433 patent regarding the Lumileds LEDs, (2) have its technical experts analyze whether the LEDs in Dr. Cao's prototype are even Lumileds LEDs, (3) seek discovery of factual evidence contrary to Defendants' theory, such as the similarity of Lumileds LEDs to other LEDs, and (4) consider whether to engage an expert regarding Patent Office disclosure requirements. CAO Lighting also did not have the opportunity or reason to prepare its strategy at the prior trial to address this new theory. *See Swiatek v. Bemis Co., Inc.*, 542 F. App'x 183, 188 (3d Cir. 2013). And CAO Lighting is further prejudiced by the need to address this proposed new claim on the eve of the bench trial, taking already limited time away from its other trial preparations. *See Praxair, Inc. v. ATMI, Inc.*, 231 F.R.D. 457, 463 (D. Del. 2005), *rev'd on other grounds*, 543 F.3d 1306 (Fed. Cir. 2008) (finding prejudice from new issue that "would undoubtedly disrupt the trial process, as trial is set to begin in less than a month"). Thus, all three considerations for Rule 15(b)(2) amendments weigh against the amendment.

Finally, Defendants' attempt to amend their claims does not comply with the Local Rules. Amendments under Fed. R. Civ. P. 15(b)(2) require compliance with L.R. 15.1. *See Pharmacy Corp.*, 2020 WL 3060366, at *2. Here, Defendants have not only refused to move to amend (*see* Ex. 7), they have not provided a proposed pleading or a redline as required by L.R. 15.1. *See Pharmacy Corp.*, 2020 WL 3060366, at *2. "This alone is reason to deny [Defendants'] request" because "[t]he Third Circuit has held that 'a failure to submit a draft amended complaint is fatal to a request for leave to amend.'" *Id.*, quoting *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). Here this is particularly problematic because inequitable conduct claims must be pled with specificity. *Exergen Corp.*, 575 F.3d at 1326.

The Court should preclude Defendants' from amending their pleadings to include the new inequitable conduct claims and preclude any evidence or argument regarding the same at the upcoming bench trial and post-trial briefing.

3

| | |
|---|---|
| Dated:  May 22, 2023<br>**Public Version filed on June 2, 2023** | BARNES & THORNBURG LLP<br><br>*/s/ Chad S.C. Stover*<br>Chad S.C. Stover (No. 4919)<br>222 Delaware Ave., Suite 1200<br>Wilmington, Delaware 19801-1050<br>Telephone: (302) 300-3474<br>E-mail: chad.stover@btlaw.com<br><br>OF COUNSEL:<br><br>Todd G. Vare (admitted *pro hac vice*)<br>Paul B. Hunt (admitted *pro hac vice*)<br>Jeff Barron (admitted *pro hac vice*)<br>Barnes & Thornburg LLP<br>11 S. Meridian Street<br>Indianapolis, IN 46204<br>Telephone: (317) 236-1313<br>Email: todd.vare@btlaw.com<br>Email: paul.hunt@btlaw.com<br>Email: jeff.barron@btlaw.com<br><br>Adam M. Kaufmann (admitted *pro hac vice)*<br>Megan M. New (admitted *pro hac vice)*<br>One North Wacker Drive, Suite 440<br>Chicago, IL 60606<br>Telephone: (312) 214-8319<br>Email: adam.kaufmann@btlaw.com<br>Email: megan.new@btlaw.com<br><br>Jeffrey C. Morgan (admitted *pro hac vice*)<br>3340 Peachtree Road NE, Suite 2900<br>Atlanta, GA 30326<br>Tel: (404) 264-4015<br>Email: jeff.morgan@btlaw.com<br><br>Ronald Cahill (admitted *pro hac vice*)<br>Heather B. Repicky (admitted *pro hac vice*)<br>One Marina Park Drive, Suite 1530<br>Boston, MA 02210<br>Telephone: (617) 316-5317 ca<br>Email: ronald.cahill@btlaw.com<br>Email: heather.repicky@btlaw.com<br><br>*Attorneys for CAO Lighting, Inc.* |