## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAO LIGHTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> GENERAL ELECTRIC COMPANY, CONSUMER LIGHTING (U.S.), LLC d/b/a GE LIGHTING, and CURRENT LIGHTING SOLUTIONS, LLC, <br><br> Defendants. | C.A. No. 20-681-GBW <br><br> **PUBLIC VERSION** |
| CAO LIGHTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> OSRAM SYLVANIA, INC. and LEDVANCE LLC, <br><br> Defendants. | C.A. No. 20-690-GBW |

**CAO LIGHTING'S REPLY IN SUPPORT OF ITS EMERGENCY MOTION TO STRIKE/EXCLUDE DEFENDANTS' NEW, UNPLED, AND UNTIMELY INEQUITABLE CONDUCT CLAIM AND OPPOSITION TO DEFENDANTS' CROSS-MOTION**

Realizing that their pleaded allegations are doomed[1] and seeking to expand the upcoming bench trial with a "new" inequitable conduct claim at the eleventh hour, Defendants:

- contort Dr. Cao's deposition and trial testimony to weave a false narrative that does not withstand even a cursory review of the evidence;
- ask this Court to excuse their delay based on that false narrative; and
- make a meaningless pivot with respect to the applicable rule of civil procedure.

None of these tactics justify Defendants' untimely and futile proposed amendment.

Because they cannot otherwise justify their delay, Defendants fabricate alleged inconsistencies between Dr. Cao's deposition and trial testimony to suggest that new facts were revealed to them at trial. ***But Dr. Cao did not change his testimony, no inconsistencies exist, and no new facts were revealed***. Dr. Cao has testified about three prototypes related to his different inventions: a dental curing light prototype and two general lighting prototypes. At his deposition, Dr. Cao stated that the LEDs in his general lighting prototype were from [GVO]." Ex. 6 at 24:10–25:12; Ex. 9 (1/21/22 errata). He further testified that the "Lumileds P.O." notation in his day planner related, not to his general lighting prototypes or the '961 patent, but to "a blue color LED we used for dental curing light." *Id.* at 30:8–13.

Dr. Cao reaffirmed these ***same facts*** at trial. Ex. 3 at 292:4–293:24. Indeed, Dr. Cao confirmed at trial what Defendants already knew: Dr. Cao had LEDs from both GVO and Lumileds in his possession before filing the '961 patent application. To be clear, Dr. Cao ***never*** testified at trial that he purchased "high-powered prior art Lumileds LEDs." D.I. 427 at 1.[2] To the contrary, Dr. Cao stated that he could not recall the power of the Lumileds LEDs used in his dental curing lights. Ex. 3 at 292:4–293:7. Dr. Cao also did not testify at trial that he used Lumileds LEDs in his prototypes relating to the '961 patent invention. *Id.* Rather, he testified that, among his three prototypes ***generally***, he used GVO and Lumileds LEDs. Ex. 3 at 293:11–24. With respect to the specific prototypes related to the invention claimed in the '961 patent, Dr. Cao expressly stood by his prior deposition testimony—that is, he used GVO LEDs. *See id.* at 293:25–294:7; Defendants' Ex. A at 289:20–290:9. Accordingly, Dr. Cao provided no new information or evidence at trial on which Defendants can hook their "new" inequitable conduct theory. Indeed, Dr. Cao's consistent testimony regarding his possession of a blue light (but otherwise unspecified) Lumileds LED is no basis for an inequitable conduct claim at all.

Similarly, Defendants' statement that Dr. Cao revealed at trial that he included a diagram of a Lumileds chip in the '961 patent specification is just wrong. Review of the trial transcript establishes that Dr. Cao explained that the figure of an LED chip in his patent is "clearly not" that of any alleged Lumileds chip—something easily confirmed by a visual examination. Ex. 3 at

---

[1] The Central District of California granted summary judgment of no inequitable conduct on a nearly identical counterclaim regarding the purported withholding of the Begemann and Schweber references during initial prosecution of the '961 patent. *CAO Lighting, Inc. v. Feit Elec. Co., Inc.*, No. 20-4926, 2023 WL 3316997, at *2–4 (C.D. Cal. Mar. 16, 2023).

[2] References to "D.I. __" are to the docket in Case No. 20-681.

1

342:10–13.[3] Defendants, however, have not let the facts curtail their story.

Defendants resort to manufacturing inconsistencies in Dr. Cao's testimony and fake theories about patent figures because they otherwise have no response for their lack of diligence. CAO Lighting disclosed Dr. Cao's three prototypes and day planner pages to Defendants *over two years ago*. Defendants deposed Dr. CAO in January 2022. And Defendants do not dispute that CAO Lighting's April 2021 interrogatory response and Dr. Cao's January 2022 deposition testimony made clear that Dr. Cao was aware of Lumileds LEDs and used a blue Lumileds LED chip in his dental curing light. Yet Defendants do not explain their failure to inspect the prototypes until just before the jury trial, *i.e.*, more than 20 months after CAO Lighting made it available. *Compare* Ex. 4 at 18–19 *with* Ex. 5. Nor do they explain why Dr. Krames did not analyze the LED chips in the prototypes as part of his original expert reports, but waited to do so in a surprise maneuver while Dr. Cao was on the stand in February. Defendants have no explanation.[4]

Finally, Defendants' assertion that CAO Lighting "inextricably fails to mention Rule 15(b)(1)" is indicative of their gamesmanship. *See* Ex. 7 at 1. CAO Lighting addressed Rule 15(b)(2) because that is the purported basis Defendants themselves identified for their proposed amendment in the Joint Proposed Pretrial Order. D.I. 424 at ¶87.[5] That Defendants now concede they are "not relying on CAO Lighting's 'consent'" for their proposed amendment under Rule 15(b)(2) and are instead moving under Rule 15(b)(1) is of no moment.[6] Given that the bench trial on Defendants' equitable defenses has not yet occurred, it is not even clear that Rule 15(b) applies at all. *See* Fed. R. Civ. P. 15(b) (pertaining to amendments made during or after trial). Nonetheless, the testimony elicited at trial does give rise to any inequitable conduct claim, much less an inequitable conduct claim that Defendants could not properly have pleaded on a timely basis.

---

[3] Equally unavailing is Defendants' attempt to excuse their delay by pointing to objections CAO Lighting's counsel lodged during the prior jury trial. At trial, Defendants sought to mislead the jury based on an unpleaded inequitable conduct claim. Defendants should not now be rewarded for this attempt. Nor should CAO Lighting be prejudiced for properly objecting that the evidence Defendants sought to elicit was irrelevant to the issues before the jury and prejudicial.

[4] Only now do Defendants assert that they "intend to submit an expert opinion from Dr. Krames that the Lumileds LED would have been material to the PTO's analysis of patentability." D.I. 427 at 1. But the Court already has heard Dr. Krames testify to his opinions regarding the applicability of certain Lumileds LEDs to the claims of the '961 patent. E.g., Ex. 3 at 811:12–17. The jury also heard these opinions and rejected them.

[5] Defendants referenced Rule 15(b)(1) for the first time in an email they sent at 4:48 pm ET on May 23, after their earlier agreement to a briefing schedule on CAO Lighting's motion whereby CAO would file its opening brief that day. Ex. 7 at 1–2.

[6] In *Pharmacy Corp. v. Am./Askari Cons. Litig.*, No. 16-1123, 2020 WL 3060366, at *3 (D. Del. June 9, 2020)—cited by CAO Lighting in its opening letter brief—the Court did not limit its application of Rule 16 to only Rule 15(b)(2) motions. There, the Court noted that the request to amend was simply made under Rule 15(b)—not Rule 15(b)(2)—and explained that "Federal Rule of Civil Procedure 16(b) also applies when a party moves to amend after the date set by the scheduling order, as is the case here." *Id.*

2

Dated:  May 26, 2023
**Public Version filed on June 9, 2023**

BARNES & THORNBURG LLP

*/s/ Chad S.C. Stover*
Chad S.C. Stover (No. 4919)
222 Delaware Ave., Suite 1200
Wilmington, Delaware 19801-1050
Telephone: (302) 300-3474
E-mail: chad.stover@btlaw.com

OF COUNSEL:

Todd G. Vare (admitted *pro hac vice*)
Paul B. Hunt (admitted *pro hac vice*)
Jeff Barron (admitted *pro hac vice*)
Barnes & Thornburg LLP
11 S. Meridian Street
Indianapolis, IN 46204
Telephone: (317) 236-1313
Email: todd.vare@btlaw.com
Email: paul.hunt@btlaw.com
Email: jeff.barron@btlaw.com

Adam M. Kaufmann (admitted *pro hac vice)*
Megan M. New (admitted *pro hac vice)*
One North Wacker Drive, Suite 440
Chicago, IL 60606
Telephone: (312) 214-8319
Email: adam.kaufmann@btlaw.com
Email: megan.new@btlaw.com

Jeffrey C. Morgan (admitted *pro hac vice*)
3340 Peachtree Road NE, Suite 2900
Atlanta, GA 30326
Tel: (404) 264-4015
Email: jeff.morgan@btlaw.com

Ronald Cahill (admitted *pro hac vice*)
Heather B. Repicky (admitted *pro hac vice*)
One Marina Park Drive, Suite 1530
Boston, MA 02210
Telephone: (617) 316-5317 ca
Email: ronald.cahill@btlaw.com
Email: heather.repicky@btlaw.com

*Attorneys for CAO Lighting, Inc.*

3